PEOPLE *ex rel.* WREN *v.* GOETTING.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

CLERK OF POLICE COURT—REMOVAL—HONORABLY DISCHARGED SOLDIERS.

Under Rev. Chart. Brooklyn, (Laws 1888, c. 583,) tit. 21, § 14, providing that police justices shall have the sole power to appoint clerks of their respective courts, and also such other clerks, etc., as the common council may authorize, a police justice, on his appointment to office, can appoint a clerk of his court in the place of the then in-cumbent, though the latter is an honorably discharged Union soldier, such clerkship coming within the exception of Laws N. Y. 1888, c. 119, declaring that no person holding a position by appointment in any city or county in the state, who is an hon-orably discharged Union soldier, shall be removed from such position except for cause, but such provision shall not apply to the position of private secretary or chief clerk or deputy of any official or department.

Appeal from special term, Kings county.

Relator, George Wren, was in May, 1881, appointed clerk of the third district police court of the city of Brooklyn, and acted until May 1, 1889, when Adolph H. Goetting, who had been appointed justice of said court, and who took his seat upon that day, appointed, in the place and stead of the said relator, Bernard Degnan. Relator, in his moving papers, set forth that he was an honorably discharged Union soldier of the war of the Rebellion, and claimed that, therefore, notwithstanding the action of Goetting as police justice, he was the clerk of said police court, and prayed that a writ of *mandamus* issue requiring said Goetting to recognize relator as the person entitled to hold the office of clerk of said court, and to permit him to perform the duties of the office, etc.　Goetting answered that he had removed relator from the position of chief clerk of his court, and had appointed Degnan in his place, who was then holding the position; that the duties of the chief clerk were to a large extent confidential with the justice; and that it was necessary to the proper conduct of the business of said court that the person holding the position of chief clerk should be known to and have the confidence of the justice. The opinion of Mr. Justice CULLEN, before whom the motion was heard, was as follows:

"It is a serious question whether the relator has not mistaken his remedy, and whether he should not proceed by *quo warranto*, instead of *mandamus*. But I am inclined to dispose of the application on the merits.　The statute of 1888 (chapter 119) enacts that no person holding a position by appointment in any city or county of this state, who is an honorably discharged soldier of the war of the Rebellion, shall be removed from such position, except for cause after a hearing; but such provision shall not apply to the position of private secretary or chief clerk or deputy of any official or department.　I think the relator is a chief clerk, within the meaning of the act, and falls within its exception.　By section 14, tit. 21, Rev. Chart. 1888, (Laws 1888, c. 583,) justices of the peace and police justices are granted the sole power to appoint clerks of their respective courts, and also to appoint such other clerks, assistants, or stenographers as the common council may authorize; all of such appointees to serve during the pleasure of the justices.　The charter act was passed subsequent to the act protecting the tenure of discharged soldiers.　I do not think, however, that this last act operated to repeal the earlier act, as to the tenure of offices or positions created or provided for in the latter act.　The provision that the appointees shall hold during the pleasure of the appointing power may well be construed as applying to other persons than veterans.　But this section shows that there was contemplated the possibility of other clerks besides the clerk of the court.　The office of clerk is made by the statute itself; other clerks may be authorized by the common council.　The clerk of the court is authorized to adjourn proceedings and to collect fines, and is charged with the payment of such fines to the city.　The clerk to whom this power is given is plainly the statutory clerk alone.　It may be argued that he is the clerk of the court, not that of the justice; and that he is not denominated ' chief clerk,' but only ' clerk,' as the latter point.　The question whether a clerk is a chief clerk or not depends, not on the name of the clerkship, but on the nature of his duties.　As to the first point, the clerk is, as a matter of fact and law, the clerk of the justice, for the courts of these justices are not courts of record; and there is no distinction between the courts and the magistrates holding them.　Summary proceedings are held before the justices, not before the justices' courts; and yet these clerks collect the fines, and are authorized to adjourn the proceedings.　I think the relator's case falls exactly within the spirit and letter of the exceptions provided in the statute.　It was intended to protect the veteran or discharged soldier in all the subordinate administrative or clerical positions, but it was not intended that the rule should extend to independent officers, or even those who stood in the next highest position to

such officers, and might at times have the power to act as their substitutes or deputies. Motion for *mandamus* denied."

Relator appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Sidney Williams*, for relator. *Almet F. Jenks*, Corp. Counsel, for respondent.

PRATT, J. We feel constrained to adopt the construction placed upon the statutes by the court below. In that view it is not necessary to write an opinion, as the views expressed by the learned justice cover all the questions that are raised. The judgment should be affirmed, on the opinion of Mr. Justice CULLEN, rendered at special term.