PEOPLE *ex rel.* BALCH *v.* MAYOR OF CITY OF YONKERS.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

APPOINTMENT OF OFFICERS—CIVIL SERVICE LAWS—VETERANS.

    Laws N. Y. 1887, c. 464, providing that "in every public department and upon all public works of the state of New York, and of the cities, towns, and villages thereof, * * * honorably discharged Union soldiers and sailors shall be preferred for appointment and employment," does not apply to the office of health officer of the city of Yonkers, it being distinct and independent, and not subordinate to any other officer or department of the city.

Appeal from special term, Dutchess county.

*Certiorari* by Galusha B. Balch to review the action of the mayor and common council of the city of Yonkers in refusing to appoint relator, a Union soldier, health officer of said city. The writ was dismissed, and relator appeals. Laws N. Y. 1887, c. 464, § 1 provides: "Section 1. Chapter three hundred and twelve of the Laws of eighteen hundred and eighty-four, entitled 'An act respecting the employment of honorably discharged Union soldiers and sailors in the public service of the state of New York,' is hereby amended so as to read as follows: 'Section 1. In every public department and upon all public works of the state of New York, and of the cities, towns, and villages thereof, and also in non-competitive examinations under the civil service laws, rules or regulations of the same, wherever they apply, honorably discharged Union soldiers and sailors shall be preferred for appointment and employment. Age, loss of limb, or other physical impairment which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved."

Argued before BARNARD, P. J., and PRATT, J.

*John Gibney,* for appellant. *J. F. Daly,* for respondent.

PRATT, J. This court held at general term that the act upon which the relator now relies did not apply to heads of departments or chief officers in cities and villages, but was intended to protect veterans in subordinate offices. *People v. Goetting,* 8 N. Y. Supp. 742. This is decisive of the present case, as the relator's petition was to be appointed to an independent and separate department of the city government. It is true the question raised in that case related to the removal of a veteran, but the same principle is applicable. The office of health officer, under the village charter of Yonkers, is distinct and independent, and not subordinate to any other officer or department. If these views are right, it is not important to determine whether the remedy sought by the relator was proper, as in no view could the court grant him any relief. The statute has been so fully and often discussed that it is not

necessary that any further comment should be made.  See *People* v. *Trustees of Saratoga Springs*, 7 N. Y. Supp. 125; *People* v. *Village of Little Falls*, 8 N. Y. Supp. 512, 960; *People* v. *Barden*, Id. 960; *People* v. *Summers*, 9 N. Y. Supp. 700; *People* v. *Wendell*, 10 N. Y. Supp. 587.  Order affirmed, with costs.