THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED P.
Fonda, Appellant, *v.* LEVI P. MORTON, CHARLES T. SAXTON
and HAMILTON FISH, Trustees of Public Buildings, and
FREDERICK P. EASTON, Superintendent of Public Buildings,
Respondents.

PUBLIC EMPLOYMENT — HONORABLY DISCHARGED SOLDIERS AND SAIL-
ORS — POWER OF REMOVAL — NOTICE AND HEARING.  The effect of the
act giving a preference in public appointments and employments to
honorably discharged Union soldiers and sailors, and making the appointees
irremovable except "for incompetency and conduct inconsistent with"
the positions held by them (Chap. 312, Laws of 1884, as amended by
chap. 716, Laws of 1894), is to leave it to the removing power to determine
whether the facts exist which authorize a removal, subject to responsi-
bility for any willful or perverse action; and no notice or opportunity to
be heard is required to be given to the person whose removal is contem-
plated before the power can be exercised.

(Argued November 25, 1895; decided January 7, 1896.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made May 24, 1895,
which affirmed an order of the Special Term denying relator's
motion for a writ of peremptory mandamus.

*Franklin M. Danaher* for appellant.  Relator had a vested
right to hold his position unless removed for cause in the
manner prescribed by statute. (Laws of 1886, chap. 413;
Laws of 1887, chap. 195; Laws of 1888, chap. 269; Laws of
1889, chap. 569; Laws of 1890, chap. 84; Laws of 1891,
chap. 144; Laws of 1892, chap. 324; Laws of 1893, chaps.
227, 414; Laws of 1894, chaps. 654, 716; Laws of 1895,
chap. 807; Mechem on Pub. Officers, §§ 450, 452, 455.)
The act of the defendants in removing relator from his
employment, without due process of law, without formulated
charges against him, without notice to him of the accusations,
if any, and without a hearing of the evidence in support of
the charges, and without an opportunity being given to him
of making a defense, is absolutely null and void, even though

the statute does not provide for notice and hearing before removal. (Const. N. Y. art. 1, § 6; *People v. Whitlock*, 92 N. Y. 198; Cooley's Const. Lim. [6th ed.] 431; *Stuart v. Palmer*, 74 N. Y. 190; *Dixon v. Holden*, L. R. [7 Eq.] 488; Townshend on Libel & Slander [4th ed.], 690; Starkie on Slander & Libel, 18; Rattigan on Juris. 100, 104; *Connor v. Mayor, etc.*, 5 N. Y. 295; 1 Austin's Juris. 401, 402; 2 Austin's Juris., 978, 979; Holland's Juris. [7th ed.] 82, 85, 87, 118, 121, 125; *Ex parte Garland*, 4 Wall. 333; *Bagg's Case*, 11 Coke, 99; Dillon on Mun. Corp. [4th ed.] 333, § 250; *People ex rel. v. Martin*, 13 Misc. Rep. 22; *People ex rel. v. Fire Comrs.*, 106 N. Y. 64; *People ex rel. v. Comrs.*, 103 N. Y. 370; *Page v. Hardin*, 8 B. Mon. 672; *Ex parte Hennan*, 13 Pet. [U. S.] 20; *Hoke v. Henderson*, 4 Dev. [N. C.] 1; *Leighman v. Sutherland*, 3 S. & R. 145; *Dullam v. Wilson*, 53 Mich. 392; *State ex rel. v. City of St. Louis*, 90 Mo. 19; *Field v. Comm.*, 32 Penn. St. 478; *Comm. v. Slifer*, 1 Casey, 23; *In re Willard*, 4 R. I. 601; *Hare v. Bd. Police*, 142 Mass. 93; *Phillips v. Boston*, 150 Mass. 492; *Murdock v. Phillips Academy*, 12 Pick. 244; *People ex rel. v. St. Franciscus*, 24 How. Pr. 216; *In re Nichols*, 57 How. Pr. 405; *State v. Trustees*, 5 Ind. 77; *State v. Common Council*, 9 Wis. 254.) Chapter 716 of the Laws of 1894, section 1, gives an honorably discharged soldier, wrongfully removed from his employment in the state service, a remedy for his restoration by mandamus. (Laws of 1884, chap. 312; Laws of 1887, chap. 464, § 2; *People ex rel. v. Lathrop*, 142 N. Y. 113; *People v. Suprs.*, 43 N. Y. 130; *People v. Suprs.*, 70 N. Y. 236; *People v. Stevens*, 5 Hill, 616.) Independent of this statute, relator has a remedy by mandamus for restoration to his employment. (*People ex rel. v. Lathrop*, 142 N. Y. 113; *People ex rel. v. French*, 102 N. Y. 583–586; *People ex rel. v. Board of Police*, 35 Barb. 527; *People ex rel. v. French*, 12 Hun, 255; *People ex rel. v. Board of Police*, 9 Abb. Pr. 269; *People ex rel. v. Manning*, 16 N. Y. Supp. 604; *People ex rel. v. Russell*, 76 Hun, 146; *In re Sullivan*, 55 Hun, 285; *In re Wortman*, 22 Abb. [N. C.] 138; *People ex rel. v. Bardin*, 7 N. Y. Supp. 123; *In re*

*Torney*, 7 Misc. Rep. 260 ; *People* v. *Scrugham*, 20 Barb. 302 ; *People* v. *Sutton*, 88 Hun, 173.)   The fact that the relator has a cause of action against the appointing power for damages does not deprive him of his right to a mandamus ; the statute intended to provide a cumulative, less expensive and more speedy remedy, and is mandatory.   (*People* v. *Suprs.*, 70 N. Y. 229 ; *Adriance* v. *Suprs.*, 12 How. Pr. 224 ; *People* v. *Taylor*, 30 How. Pr. 78 ; *People* v. *Clerk*, 3 Abb. Pr. 309, 321 ; *People* v. *Mayor*, 10 Wend. 393.)   Relator has no other specific remedy ; quo warranto will not lie ; the position of orderly in the maintenance department of the public buildings in this state is an employment, not a public office.   (Laws of 1893, chap. 227, § 3 ; *People ex rel. Donahue* v. *French*, 12 Hun, 256 ; *Sullivan* v. *Mayor, etc.*, 53 N. Y. 652 ; 47 How. 491 ; *Shanly* v. *Brooklyn*, 30 Hun, 396 ; *McDonald* v. *Mayor, etc.*, 33 Hun, 89 ; *Holley* v. *Mayor, etc.*, 59 N. Y. 170 ; *Brennan* v. *Mayor, etc.*, 62 N. Y. 368 ; *Comm.* v. *Dearborn*, 15 Mass. 125 ; *People* v. *Hills*, 1 Lans. 202 ; *State* v. *Champlain*, 2 Bailey [S. C.], 220 ; *People ex rel.* v. *Sutton*, 88 Hun, 173 ; *People ex rel.* v. *Bd. Suprs.*, 9 Abb. Pr. 270 ; Code Civ. Pro. §§ 1949, 1956 ; *People ex rel.* v. *Goetting*, 133 N. Y. 570 ; 88 Hun, 175 ; *People* v. *State*, 2 Barb. 398 ; *People ex rel.* v. *Board*, 9 Abb. Pr. 257 ; *Nichols* v. *McLean*, 101 N. Y. 527 ; *People* v. *Scrugham*, 20 Barb. 302 ; *People* v. *Stevens*, 5 Hill, 616 ; *King* v. *Corporation, etc.*, 6 East, 356 ; 2 Spellman on Ext. Relief, 1123 ; Merrill on Man. §§ 51, 53.)

*Henry C. Nevitt* for respondents.   If appellant has any right to relief, it cannot be brought about by mandamus. (*People ex rel.* v. *Lathrop*, 142 N. Y. 113 ; *In re Torney*, 7 Misc. Rep. 260 ; *People* v. *Wendell*, 57 Hun, 362 ; Merrill on Mandamus, §§ 42, 201, 213 ; 2 Johns. Cas. 72 ; 103 U. S. 794 ; *Ex parte Burtis*, 103 U. S. 238 ; 74 N. Y. 443 ; 11 Abb. Pr. 20.)   No notice of charges was necessary to be given the appellant before he could be dismissed.   (*People* v. *Saratoga Springs*, 54 Hun, 16 ; Mechem on Public Officers, §§ 450,

454; *Dubuc* v. *Voss*, 19 La. Ann. 210; *Lowe* v. *Com.*, 3 Metc. (Ky.) 237; *Com.* v. *Shaver*, 3 W. & S. (Penn.) 338; *State* v. *Doherty*, 25 La. Ann. 119; *State* v. *Brown*, 1 Wis. 513; *Patten* v. *Vaugh*, 39 Ark. 215; *City of Hoboken* v. *Gear*, 27 N. J. L. 265; 149 Mass. 443; *Statute* v. *Com. Coun.*, 9 Wis. 254; *State* v. *McGary*, 21 Wis. 496, 498; 89 Mich. 62; *People ex rel.* v. *Lathrop*, 142 N. Y. 113; *People ex rel.* v. *Robb*, 126 N. Y. 180; *Weidman* v. *Board*, 26 N. Y. S. R. 765, 766; *People* v. *Stout*, 11 Abb. Pr. 17; 35 Barb. 264; *People ex rel.* v. *Comrs.*, 92 N. Y. 191; Laws of 1873, chaps. 335, 491; Laws of 1888, chap. 119; Laws of 1890, chap. 67; Mechem on Pub. Officers, § 445; *People* v. *Roberts*, 126 N. Y. 180; *People* v. *Lathrop*, 142 N. Y. 116.)

ANDREWS, Ch. J.    The relator, an honorably discharged Union soldier, was appointed on the 29th of January, 1888, an orderly in the capitol at Albany, at a salary of $60 a month, and continued to act as orderly until the 28th of February, 1895, when he was discharged by the superintendent of public buildings, with the approval of the trustees, consisting of the governor of the state, the lieutenant-governor and the speaker of the assembly. His duties were to wash and clean floors and to act as policeman and guide in the capitol. After his discharge he applied for a peremptory writ of mandamus directing his reinstatement in his position, claiming that his discharge was unlawful. It appeared from the return to his application that he was discharged for cause, or, as stated therein, for "incompetency and conduct inconsistent with said position." The relator, without denying the fact so alleged in the return, insisted, notwithstanding that he was entitled to the peremptory writ, and the fact so returned must be taken as true in this proceeding. The discharge of the relator was not preceded by formal charges or by notice to the relator, or an opportunity to be heard as to the cause of his dismissal. This presents the only question in the case, whether the relator was entitled to a notice and hearing before he could be removed. By section 4, subd. 3 of the Public

Building Law, chapter 227 of the Laws of 1893, which was a substantial re-enactment of chapter 349 of the Laws of 1883, the superintendent of public buildings is authorized, " subject to approval of the trustees, to appoint all persons necessary in the maintenance department of the public buildings and grounds under his charge, and suspend and remove any of them, and prepare rules and regulations for their government." In the appropriation bills passed by the legislature in each successive year, commencing with 1886, there was inserted in the clause making an appropriation for the care of the public buildings, the salary of the superintendent, and the services of orderlies and watchmen and other expenses, a proviso that the orderlies and watchmen who should receive any portion of the money so appropriated " shall be persons who are citizens of the state of New York, and who served in the Union army or navy during the late war, and have been honorably discharged therefrom ; and such honorably discharged persons shall not be subject to civil service rules of examination." (Laws of 1886, p. 650.) If there was no other legislation affecting the present question, the right to discharge orderlies employed in the capitol, summarily, would admit of no question. The power to remove employees is given in express terms by the Public Building Act to the superintendent, with the approval of the trustees, without qualification ; and even in the absence of such specific power, the rule is well settled that the power to appoint to the public service carries with it to the appointing power, in the absence of limiting words, or of a fixed term, the right to remove the appointee at pleasure. (*People ex rel. Cline* v. *Robb,* 126 N. Y. 180, and cases cited.)

But the relator relies upon chapter 716 of the Laws of 1894, which was an act amending chapter 312 of the Laws of 1884, entitled " An act respecting the employment of honorably discharged Union soldiers and sailors in the public service of the state of New York," as containing a limitation upon the power of removal of Union soldiers and sailors employed in the public service, applicable to the position of the relator. The

original act of 1884 related to preferences in public employment only, and declared that honorably discharged Union soldiers and sailors, not incapacitated and possessing the requisite qualifications, should be preferred for appointment and employment in the public departments and upon all public works of the state.. This act was amended by chapter 464 of the Laws of 1887 by extending it so as to subject cities, towns and villages to the same rule, and a section was added enjoining upon all officials and persons possessing the power of appointment, a faithful compliance with the act. The obligation to give preference was after the passage of the original act and the amendment of 1887, and cognate acts, sought to be enforced in the courts by Union soldiers, applicants for appointment to public office; among others by an applicant for the office of superintendent of ·public works of a village (*People ex rel. Lockwood* v. *Saratoga Springs*, 54 Hun, 16); for employment as court crier (*People ex rel. Ballou* v. *Wendell*, 57 id. 362); for the office of village attorney (*People ex rel. Hall* v. *Village of Little Falls*, 29 N. Y. S. R. 723); collector of taxes (*People ex rel. Stephens* v. *Ithaca*, 30 id. 52); health inspector (*People ex rel. Snyder* v. *Summers*, Id. 614), and in other cases. These attempts generally failed. The relator in such an application could not show that he was entitled in preference to other Union soldiers, and the decision of the appointing power as to fitness, actual or relative, must generally from the nature of the case be final. This court, in *People ex rel. Griffin* v. *Lathrop* (142 N. Y. 113), had occasion to consider whether the act of 1884, giving preferences in public employments to Union soldiers and sailors, limited the power of removal of a Union soldier, who held a public employment, and the court held that it affixed no restriction on this power, and in no way affected the power of removal, as it existed independently of the act. The amendment of 1894 for the first time introduced into the act a restriction on the power of removal of Union soldiers and sailors employed in the public service. The first section of the

21

act of 1884 was amended so as to read as follows : " Section 1. In every public department and upon all the public works of the state of New York, and of the cities, towns and villages thereof, and also in non-competitive examinations under the civil service rules, laws or regulations of the same, wherever they apply, honorably discharged Union soldiers and sailors shall be preferred for appointment and employment; age, loss of limb or other physical impairment which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved. And in all cases the person having the power of employment or appointment, unless the statute provides for a definite term, shall have the power of removal only for incompetency and conduct inconsistent with the position held by the employee or appointee ; and in case of such removal or such refusal to allow the preference provided for in this act of and for any such honorably discharged Union soldier, or sailor, or marine, for partisan, political, personal or other cause except incompetency and conduct inconsistent with the position so held, such soldier, sailor or marine so wrongfully removed or refused such preference, shall have a right of action in any court of competent jurisdiction for damages as for an act wrongfully done, in addition to the existing right of mandamus ; the burden of proving such incompetency and inconsistent conduct as a question of fact, shall be upon the defendant. But the provisions of this act shall not be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential position." It is apparent that the legislation culminating in the act of 1894 has nothing primarily to do with what is called the civil service system. It was intended to create a privileged class entitled to preferential employment in subordinate positions in the public service, the foundation of the preference being meritorious service as soldiers and sailors in the war for the preservation of the Union. The original act, which provided for a preference

only in the original appointment or employment, but gave no
security of tenure, was supplemented in this respect by the
amendment of 1894. The legislation as it now stands not
only gives a preference in public appointments and employ-
ments to Union soldiers and sailors, but makes the appointees
irremovable except upon the particular grounds specified.
The removal clause was intended to prevent interference with
their tenure for political or partisan or personal reasons. But
the statute recognized the principle that incompetent persons,
or those whose conduct was inconsistent with the discharge of
their duties, should not be retained in the public service, how-
ever meritorious their prior service may have been. The
statute operates as a limitation upon the power of removal,
which must be observed by the officers or body having the
appointing power, and it enacts special remedies for its
violation.

In the present case the removal was made for the cause
specified in the statute, and nothing appears upon the record
tending to show that the power was not exercised in good
faith and in the public interest. The claim that the relator
was entitled to prior notice and hearing is not supported by
any language in the act. If he was so entitled it results from
some general rule of law implied from the fact that the power
of removal was not unrestricted, but could only be exercised
for the causes specified. It is important to notice the scope
of such an implication if it exists under the statute in ques-
tion. The act applies to employees of every grade in the
public service or on the public works of the state and the cities,
towns and villages thereof. The preference is given not only
in clerical or other subordinate positions, but to every person
seeking public employment as a laborer on the canals or on
the streets of a city, or in any capacity however humble. If
employment once secured can only be terminated after a
notice and hearing and something akin to a formal adjudica-
tion upon evidence, the system would become almost intoler-
able. Many things difficult to define in words, which show
incompetency in an employee or disregard of his duty, and

which would justify dismissal in the mind of a reasonable employer, would often elude a formal investigation. There are many statutes on the statute book relating to the employment and removal of police officers, clerks and employees in municipalities, which expressly or by implication require that the power of removal shall only be for cause after notice and hearing of the person whose removal is contemplated. The practice of legislation in this state has been to insert a provision for notice and hearing when this has been intended. (City of New York Consolidation Act, chap. 335, Laws of 1873, § 25; Id., chap. 410, Laws of 1882, §§ 250, 272, 314; City of Brooklyn, Laws of 1888, chap. 583, § 29, tit. 22; City of Buffalo, Laws of 1870, chap. 519, tit. 13, § 3.)

The acts cognate to the act of 1894, viz., chapter 119 of the Laws of 1888 and chapter 577 of the Laws of 1892, restricting the power of removal of Union soldiers or sailors holding official employment in cities and counties, contain a provision that removals shall not be made " except for cause shown after a hearing had." In view of the course of legislation and the scope of the act of 1894, we are of opinion that the legislature intentionally omitted to insert a similar provision in the statute in question.

We concur in the conclusion of the General Term that the legislature having prescribed the grounds of removal in the act of 1894, left it to the removing power to determine whether the facts existed which authorized a removal, subject to responsibility for any willful or perverse action, and that no notice is required to be given to the person whose removal is contemplated before the power can be exercised.

The order should be affirmed.

All concur.

Order affirmed.