PEOPLE ex rel. CONNOR v. BROOKFIELD, Commissioner.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

OFFICE AND OFFICER—VETERAN APPOINTEES—DISCHARGE.
    Laws 1894, c. 716, making veteran appointees irremovable from office except for incompetency, does not prevent a veteran from being discharged for incompetency or misconduct without a hearing. People v. Morton, 42 N. E. 538, 148 N. Y. 156, followed.

Appeal from special term.

Proceedings on the relation of Lawrence Connor against William Brookfield, commissioner of public works of the city of New York, for a writ of mandamus. From an order directing the issuance of a peremptory writ of mandamus to reinstate the relator in the position in the department of public works from which he was discharged on November 2, 1895, the commissioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William L. Turner, for appellant.
William M. K. Olcott, for respondent.

BARRETT, J. This case cannot be distinguished from People v. Morton, 148 N. Y. 156, 42 N. E. 538. It was there held that chapter 716 of the Laws of 1894, making veteran appointees irremovable from office except for incompetency, left it to the removing power to determine whether the facts exist which authorize a removal. It is claimed that the notice of removal in that case specified the ground, while here it does not. There is nothing in the opinion which justifies the distinction claimed. The court said that "it appeared from the return to his [Fonda's] application that he was discharged for cause, or, as was stated therein, for incompetency and conduct inconsistent with said position." This also appears in the present return. The court also said that the removal there was made for the cause specified in the statute. That conclusion, however, was arrived at from the return; not, apparently, from the language of the notice of removal. It would undoubtedly have been better had the formal notice in the present case specified the ground of removal. But the material fact is that the removal was actually for the cause specified in the statute. That is stated distinctly in the return, and cannot be questioned in an application of this character. It is impossible to grant a

mandamus restoring the relator, when the commissioner of public works states under oath that he was discharged "solely for negligence, incompetency, and conduct not consistent with the position held by him." It is the fact, and not the form of expressing the fact, which must govern upon an application for a peremptory mandamus to reinstate the removed appointee.

The order appealed from should be reversed, with costs, and the application denied, with costs. All concur.