PEOPLE ex rel. HALL v. BOARD OF TRUSTEES. 141

App. Div.]     THIRD DEPARTMENT, NOVEMBER TERM, 1898.

---

The People of the State of New York ex rel. William H. Hall, Respondent, v. The Board of Trustees of the Village of Saratoga Springs, Appellant, Impleaded with James W. Fitzpatrick.

*Veteran — he is not entitled to preference in the appointment of members of the board of health of a village under chapter 661, Laws of 1893.*

Chapter 464 of the Laws of 1887, amending chapter 312 of the Laws of 1884, gives preference in appointment in a public department, such as the board of health of a village, to honorably discharged Union soldiers, but does not give such preference in the appointment of the members of that board by the board of trustees of the village under the Public Health Law (Chap. 661 of the Laws of 1893).

APPEAL by the defendant, The Board of Trustees of the Village of Saratoga Springs, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk

of the county of Saratoga on the 5th day of July, 1898, granting the relator's motion for an alternative. writ of mandamus directed to the board of trustees of the village of Saratoga Springs and James W. Fitzpatrick, requiring the said board of trustees of the village of Saratoga Springs, New York, to forthwith assemble, and the said Fitzpatrick to appear before said board, and requiring said board then and there to annul and declare void the appointment of the said James W. Fitzpatrick to the office of member of the board of health of the village of Saratoga Springs and to appoint the relator to said position.

On the 4th day of April, 1898, it was the duty of the respondent, the board of trustees of the village of Saratoga Springs, to appoint a member of the board of health of said village. The relator applied to the respondent for such appointment, and, in connection with his application, submitted his affidavit stating in detail his qualifications and the fact that he was an honorably discharged Union soldier of the late Civil war. The board of trustees did not appoint the relator, but did appoint the respondent, James W. Fitzpatrick. This appeal is from an order awarding an alternative writ of mandamus. The affidavits on the part of the respondent allege that it is advised that chapter 821 of the Laws of 1896 (amending chap. 312 of the Laws of 1884) does not apply to an appointment of a member of the board of health; that Wendell W. Wheeler, an honorably discharged Union soldier, also applied for the appointment; that the relator had previously held the said office, and had not properly performed its duties, and was incompetent, and that the board of trustees had appointed Fitzpatrick because it deemed him better qualified to perform its duties.

*James F. Swanick,* for the appellant.

*Nash Rockwood,* for the respondent.

LANDON, J.:

Chapter 464, Laws of 1887 (amending chap. 312 of the Laws of 1884), provides that "In every public department," including those of villages, "honorably discharged Union soldiers * * * shall be preferred for appointment." Section 1, chapter 821, Laws of 1896, contains the same words.

The Public Health Law (Chap. 25 of the General Laws [Laws of 1893, chap. 661]) provides for the creation of local boards of health, and prescribes their powers and duties. In villages the members of the board of health, not less than three nor more than seven, must be appointed by the board of trustees of the village. (§§ 20, 21, art. 2, of the act.) Such boards of health are independent departments, clothed with large powers. It is obvious that the department will not in fact exist until it is constituted by the appointment of the requisite members of the board of health. Being thus constituted, then appointments can be made *in* the department, and not until then. The statute gives preference in appointment *in* the department to honorably discharged Union soldiers, not a preference in the appointment of the heads of the department. (*People ex rel. Fonda* v. *Morton*, 148 N. Y. 162; *People ex rel. Balch* v. *Mayor of Yonkers*, 39 N. Y. St. Repr. 11; *People ex rel. Wren* v. *Goetting*, 29 id. 286.)

The direction of a department of the government is one thing, the execution of the directions given by it is another, and the statute cited relates to the latter function.

The order should be reversed, with ten dollars costs, and motion denied, with ten dollars costs.

All concurred, except PUTNAM, J., not acting.

Order reversed, with ten dollars costs and disbursements, and application for mandamus denied, with ten dollars costs.