PEOPLE ex rel. HALL v. BOARD OF TRUSTEES OF VILLAGE OF SARA-
TOGA SPRINGS et al.

(Supreme Court, Appellate Division, Third Department.   November 16, 1898.)

OFFICERS—APPOINTMENT OF VETERANS—BOARD OF HEALTH.
Laws 1887, c. 464, and Laws 1896, c. 821, § 1, providing that "in" every
public department honorably discharged Union soldiers shall be preferred
for appointment, does not require the appointment of a soldier as a member
of the board of health of a village, because the board is itself a "depart-
ment," and a member thereof is not an appointee "in" such department.

Appeal from special term.

Mandamus, on relation of William H. Hall, against the board of
trustees of the village of Saratoga Springs and another.   From an
order granting an alternative writ the respondents appeal.   Reversed.

On the 4th day of April, 1898, it was the duty of the respondents the board
of trustees of the village of Saratoga Springs to appoint a member of the
board of health of said village.   The relator applied to the respondents for
such appointment, and, in connection with his application, submitted his af-
fidavit, stating in detail his qualifications, and the fact that he was an hon-
orably discharged Union soldier of the late Civil War.   The board of trustees
did not appoint the relator, but did appoint the respondent James W. Fitz-
patrick.   This appeal is from an order awarding an alternative writ of man-
damus.   The affidavits on the part of the respondents allege that they are
advised that chapter 821 of the Laws of 1896 does not apply to an appointment
of a member of the board of health; that Wendell W. Wheeler, an honorably
discharged Union soldier, also applied for the appointment; that the relator
had previously held the said office, and had not properly performed its duties,
and was incompetent; and that the board of trustees had appointed Fitz-
patrick because they deemed him better qualified to perform its duties.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

James F. Swanick, for appellants.
Nash Rockwood, for respondent.

LANDON, J.   Chapter 464, Laws 1887, provides that "in every pub-
lic department," including those of villages, "wherever they apply,
honorably discharged Union soldiers  *  *  *  shall be preferred for
appointment."   Section 1, c. 821, Laws 1896, contains the same words.
The public health law (chapter 25, Gen. Laws 1893) provides for the
creation of local boards of health, and prescribes their powers and duties.
In villages the members of the board of health, not less than three nor
more than seven, must be appointed by the board of trustees of the
village.   Sections 20, 21, art. 2, of the act.   Such boards of health
are independent departments, clothed with large powers.   It is ob-
vious that the department will not, in fact, exist until it is constituted
by the appointment of the requisite members of the board of health.
Being thus constituted, then appointments can be made in the depart-
ment, and not until then.   The statute gives preference in appoint-
ment in the department to honorably discharged Union soldiers, not a
preference in the appointment of the heads of the department.   Peo-
ple v. Morton, 148 N. Y. 162, 42 N. E. 538; People v. Mayor, etc., of
City of Yonkers (Sup.) 14 N. Y. Supp. 455; People v. Goetling (Sup.)
8 N. Y. Supp. 742.   The direction of a department of the government

is one thing, the execution of the directions given by it is another; and the statute cited relates to the latter function.

The order should be reversed, with $10 costs, and motion denied, with $10 costs. All concur, except PUTNAM, J., not acting.