PEOPLE ex rel. BRENNAN v. SCANNELL, Fire Com'r.

(Supreme Court, Appellate Division, First Department.   June 7, 1901.)

1. MUNICIPAL CORPORATIONS—EMPLOYE—DISMISSAL—REINSTATEMENT.

Greater New York Charter, § 1543, provides that the heads of all departments shall have the power to appoint and remove all chiefs of bureaus, and all clerks, officers, and employés in their respective departments, but that no regular clerk or head of a bureau shall be removed without allowing him an opportunity of making an explanation, and without entering on the record of the department the cause of his removal. *Held*, that the removal of an employé as hose repairer in the fire department, without giving him an opportunity to explain, was not invalid, he being neither a regular clerk nor the head of a bureau.

2. SAME—STATE CIVIL SERVICE COMMISSION—RULES—VALIDITY.

3. SAME—SUBSEQUENT STATUTE—REPEAL—EFFECT.

Greater New York Charter, § 1543, providing that the heads of all departments shall have power to appoint and remove all chiefs of bureaus and clerks and officers in their respective departments, was not repealed by Laws 1898, c. 186, declaring that a person removed from his position subject to a competitive examination in the civil service of the state shall have an opportunity to make an explanation, and that the reason of such removal shall be stated in writing, and filed in the department, but was merely superseded in part, and hence, on the repeal of the statute, section 1543 remained in full force and effect.

McLaughlin and Hatch, JJ., dissenting.

Appeal from special term, New York county.

Action by the people, on the relation of Michael Brennan, against Joseph J. Scannell, as fire commissioner of the city of New York, to compel defendant to reinstate relator in the fire department of the city of New York. From an order denying relator's motion for peremptory or alternative writ of mandamus, he appeals.   Affirmed.

On the 6th day of December, 1900, the respondent, by an order in writing, appointed relator to the position of hose repairer in the fire department repair shops, without compensation until the funds of the department would justify the payment of $3.50 a day, such appointment to take effect on the day following. Relator entered upon the performance of the duties pursuant

to the appointment, and worked in that capacity until the 13th day of December, 1900, when he received a communication from the respondent, in writing, revoking the appointment, but assigning no reason therefor. The relator made a written demand for reinstatement upon the ground that his removal was unlawful and irregular. The affidavit of the relator upon which the motion for the writ was made shows, among other things, that, pursuant to the provisions of chapter 370 of the Laws of 1899, entitled "An act in relation to the civil service of the state of New York and the cities and civil divisions thereof," the state civil service commission duly adopted certain civil service rules and regulations for the city of New York, which became of force and effect on the 11th day of July, 1899, rule 42 of which provides as follows: "To secure compliance with the provisions of the civil service law prohibiting removals because of political opinions or affiliations, no removal of any person in the classified service of the city of New York shall be valid unless and until a statement of the causes of such removal shall be filed with the municipal commission, and a copy of the same furnished to the person sought to be removed, and until such person has been afforded an opportunity to present an explanation in writing." The moving affidavit further shows that the position of hose repairer, to which relator was ·appointed, is within the classified service of the city of New York, and that no statement of the cause of his removal has been filed with the municipal commission, and no copy thereof has been furnished to him, nor has he been afforded an opportunity to present an explanation as provided in said rule; that he has no other remedy; and that he desires reinstatement. The return shows no denial of any material allegation, but alleges that said rule is invalid. The relator is not an honorably discharged soldier or sailor.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Julius M. Mayer, for appellant.
William B. Crowell, for respondent.

LAUGHLIN, J. The sole question presented by the appeal is whether, in view of the provisions of section 9 of article 5 and section 3 of article 10 of the constitution, of the provisions of said chapter 370 of the Laws of 1899, enacted pursuant to said section 9 of article 5 of the constitution, and of the provisions of the Greater New York charter and of rule 42 of the state civil service rules and regulations, relating to the city of New York, the removal of the relator was illegal. We find no provision of the constitution, applicable to the position held by the relator, which either prohibits or regulates removal therefrom. Section 23 of the state civil service law (chapter 370 of the Laws of 1899), among other things, prohibits the removal or discharge of any person from an office or employment within the scope of the rules established by the state civil service commission under said act on account of his political opinions or affiliations, or for refusing to contribute to any political fund, or to make any contribution of money, or service, or any other valuable thing for any political purpose. It is not shown or claimed that the relator was removed for any of these prohibited causes. Section 6 of said act provides that the state civil service commission shall, among other things, "prescribe, amend and enforce suitable rules and regulations for carrying into effect the provisions of this act and of section nine of article five of the constitution of the state of New York, as herein provided. The rules prescribed by the state and municipal commissions pursuant to the provisions of this act shall have the force and

effect of law." The provisions of the act conferring authority upon municipal commissions to adopt rules are contained in section 10. It is not clear that the power there granted extends beyond making suitable rules classifying the positions in the civil service of the city and regulating examinations therefor, and appointments and promotions therein. In the event of the failure of a municipal commissioner to adopt and secure the approval of such rules within 60 days after their appointment, the state commission is authorized to make such rules. It may well be that the authority of the state commission to make rules for the prevention of removals for political reasons must be exercised by adopting general rules applicable wherever the civil service laws extend. If rule 42 was adopted by the state commission under section 10, on account of the failure of the municipal commission to act, it may be further doubted whether the state commission could exercise any greater authority than was conferred upon the municipal commission. These two questions have suggested themselves during our consideration of the case, but, inasmuch as they were not raised or argued by counsel, the case will not be decided upon either of those grounds.

Section 1543 of the Greater New York charter provides in part as follows:

"The heads of all departments (except as otherwise specially provided) shall have power to appoint and remove all chiefs of bureaus (except the chamberlain), as also all clerks, officers, employees and subordinates in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee. But no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal the true grounds thereof shall be forthwith entered upon the record of the department or board. In case of removal a statement showing the reason therefor shall be filed in the department."

Provisions of law in effect the same as these, and in almost the identical language, have been in force and applicable to the city of New York since the reorganization charter of 1873. Section 28, c. 335, Laws 1873; section 48, c. 410, Laws 1882. The relator was not a regular clerk, or the head of a bureau, and this provision of the charter did not insure him against removal without an opportunity of making an explanation. It is unnecessary to decide whether this provision required the filing of a statement in the department showing the reason for the removal of the relator. It is not alleged that such statement was not filed, and we may not presume that an official duty has not been performed. It will be observed that the provisions of rule 42 are quite similar to those of this statute. These statutory provisions have been held to constitute a substantial limitation upon the power of removal. Compliance therewith is essential to confer jurisdiction to discharge a regular clerk or head of a bureau. The reason assigned must be substantial, not frivolous. The charges must, in form and substance, be sufficient to justify the proposed action. They must set forth, with a definite specification thereof, some dereliction or neglect of duty, or something affecting his fitness for the position. The superior must not act arbitrarily, but must fairly hear and consider his subordinate's explanation in the light of the

other facts and circumstances upon which he contemplated dismissal. If the explanation be satisfactory, it is his duty to refrain from taking action unfavorable to the subordinate; but, it not being a trial or judicial hearing, if the reasons assigned be sufficient in form and substance, the court, it seems, is without power to review the facts, and cannot reinstate upon the ground that the explanation given by the subordinate should have satisfied his superior. People v. Brady, 166 N. Y. 44–48, 59 N. E. 701; People v. Cruger, 17 App. Div. 483, 45 N. Y. Supp. 519; People v. La Grange, 2 App. Div. 444, 37 N. Y. Supp. 991; People v. Board, 72 N. Y. 448. In this last case it was said by Allen, J., concerning this provision requiring that an opportunity be afforded to a regular clerk or head of a bureau of making an explanation before being removed:

"We cannot agree with the counsel for the appellants that this restriction is 'shadowy and unsubstantial,' and this expression of the legislative will inoperative and ineffectual. It was intended as a substantial limitation of the general power of removal, conferred by the same section upon the several departments of the city government, and to secure the continuance in office of the persons named until a reasonable cause other than the pleasure of the heads of the departments, or a change in the political character of the majority, should exist for their removal. The intent of the provision was to continue in the subordinate, but important, positions of the city government those who had proved themselves faithful and trustworthy, as well as competent to discharge the duties of their stations. The provision may be imperfect in prescribing the details of the proceedings for a removal, but it is capable of execution in a way to give full effect to the intent of the legislature, secure the officers named from removal without cause, without in any way detracting from the necessary powers vested in the heads of the departments, and who are responsible for their due administration, if those having the execution of it are disposed in good faith to respect the statutes and rights of the officers named in the restrictive clause."

Section 13 of chapter 186 of the Laws of 1898 provided that a person removed from a position subject to competitive examination in the civil service of the state or of a city should have an opportunity to make an explanation, and that the reasons for such removal should be stated in writing, and filed with the head of the department or other appointing officer. The civil service act of 1899 (chapter 370 of the Laws of 1899), as originally introduced, was in form an amendment of the original civil service law of 1883 (chapter 954 of the Laws of 1883), and section 13 thereof contained the provision of section 13 of chapter 186 of the Laws of 1898, to which reference has been made. It is significant that, in the subsequent revision of the bill before its enactment, this provision was omitted. State civil service rule 42 in effect re-enacts this provision. The recital in the rule indicates that it was adopted for the purpose of preventing removals for political reasons in violation of section 23 of the state civil service law. The reason was commendable, and in the interest of good government. The rule, therefore, should be sustained, if its adoption was within the express or implied power conferred upon the state civil service commission; but, if it be not so authorized, or be in conflict with any statute, it cannot be enforced by the courts, and the remedy must rest with the legislature. It seems to be the well-settled law of the state that the power of appointment to an office or a position carries with it the power of removal, unless otherwise provided by law.

People v. Morton, 148 N. Y. 156, 160, 42 N. E. 538; People v. Robb, 126 N. Y. 180, 182, 27 N. E. 267; People v. Dalton, 31 App. Div. 630, 54 N. Y. Supp. 1112; Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887; People v. Murray, 2 App. Div. 359, 37 N. Y. Supp. 848; section 3, art. 10, Const. It will be observed that this rule requires the doing of three things as conditions precedent to the validity of the removal of any person in the classified service of the city of New York: (1) Unless and until a statement of the cause of the proposed removal shall be filed with the municipal commission; (2) a copy of such statement shall be furnished to the employé; and (3) the employé shall be afforded an opportunity to present an explanation in writing. The classified service comprises all positions not embraced in the unclassified service, and includes laborers and all positions except those held by the officers and principal employés. Sections 8, 9, c. 370, Laws 1899. Under a literal reading of the rule, a laborer having been once employed cannot be discharged until the requirements of the rule have been complied with. The power to remove does not, by implication, confer power to suspend. It authorized the creation of a vacancy, which may be filled at once. It is obvious that there are many cases where the head of a department, acting in entire good faith, may believe, without being able to point out specific facts, that there has been a dereliction of duty in that an employé is incompetent, and the service will be improved by dispensing with his services, and designating a successor from the eligible list. Gregory v. Mayor, etc., 113 N. Y. 416, 421, 21 N. E. 119, 3 L. R. A. 854; People v. Morton, supra. In People v. Morton it was held that a veteran was not entitled to notice, or an opportunity to be heard, before his discharge, under an act prohibiting the discharge of veterans for political or any reasons other than incompetency. This court is committed by the decision in Re Application of Murphy for a Peremptory Writ of Mandamus against Keller, as Commissioner of Public Charities (decided April term, 1901, 70 N. Y. Supp. 405) to the view that this rule is in conflict with the Greater New York charter. The appellate division of the Third department, in the case of People v. Henry, 47 App. Div. 133, 62 N. Y. Supp. 102, without distinguishing between officers and public employés, held that "a subordinate female officer or employé," whose term of office was not fixed, was removable at the pleasure of the appointing power, and that the civil service commission had no authority to restrict that power of removal, which was secured by section 3, art. 10, of the constitution. In the Second department the opinion in the case of People v. Cram, 50 App. Div. 380, 64 N. Y. Supp. 158, which was concurred in by one of the members of the court, two others concurring in the result, and one dissenting, sustained the validity of the civil service rule now under consideration. That decision was reversed (164 N. Y. 166, 58 N. E. 112) upon the ground that the appointee whose rights were there in question was a public officer, and, the tenure of office not being fixed by law, he was removable at will, and the civil service commission had no power to restrict such removal. The court of appeals, however, expressly declined to pass upon the validity of the rule as applicable to employés. Prior to the decision denying the writ in this case it had

been decided at special term that the rule in question was invalid. People v. Kane (Sup.) 70 N. Y. Supp. 982.

The trend of judicial authority in this state, as shown by the cases cited and other decisions, and in the federal courts under somewhat similar federal statutes and civil service rules, is in the direction of holding that the purpose of the civil service laws is to regulate appointments to, and not removals from, office, and that the power of appointment confers the power of removal, which can only be restricted by the legislative authority. Carr v. Gordon (C. C.) 82 Fed. 373; Flemming v. Stahl (C. C.) 83 Fed. 940; Morgan v. Nunn (C. C.) 84 Fed. 551. The state civil service law contains no restriction upon the power of removal, except in the case of veterans, and except, also, that removal shall not be for political reasons; and section 1543 of the Greater New York charter expressly confers the power of removal from the position at the pleasure of the appointing power. We are constrained to hold that rule 42 is something more than a lawful regulation of removals authorized by law, and that, in so far as it requires a statement of the cause of removal to be served upon the appointee or employé, and that he be afforded an opportunity to present an explanation in writing, it is a substantial limitation upon the power of removal (People v. Board, 72 N. Y. 445), and therefore, to this extent, void.

It is contended that section 1543 of the charter, herein quoted, was repealed by chapter 186 of the Laws of 1898, to which reference has been made; and the case of People v. Dalton, 158 N. Y. 175, 52 N. E. 1113, is cited as authority for this proposition. We are of opinion, however, that this section was merely superseded in part, and to that extent became inoperative, while this law of 1898 was in force, but upon the repeal of that statute this section of the charter remained in full force and effect.

It follows that the order appealed from should be affirmed, but, as the case presents a novel question, not free from doubt, no costs should be allowed against the relator. All concur, except McLAUGHLIN and HATCH, JJ., who dissent.