(114 App. Div. 880)

CRAIGIE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—CIVIL SERVICE.
    Under Laws 1892, p. 900, c. 441, as amended by Laws 1897, p. 761, c.
497, authorizing the establishment of a public library in the city of
Brooklyn, and providing, in sections 4 and 5, that the mayor should ap-
point a board of directors, having power to appoint a librarian and neces-
sary assistants and to remove such appointees, where the assistant libra-
rians were in fact enrolled in the classified civil service of the city, the
city cannot, as against an assistant librarian suing for wages accruing

after removal from her position, urge that there was no authority for such enrollment, under Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543 providing that no person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity to make an explanation.

**2. SAME.**

An assistant librarian in a city public library is an employé of the city, and when enrolled in the classified civil service is protected by Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543 providing that no person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity to make an explanation.

**3. SAME.**

Where an assistant city librarian was served with charges by a committee of administration of the board of directors of the library, and appeared before the committee and protested against any trial before it, claiming the right to be heard by the board of directors, who alone had the authority to remove her, but the protest was disregarded, and the committee reported to the board, and she was removed without further hearing, she was deprived of her rights under Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543, providing that no person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity to make an explanation.

Appeal from Trial Term, Kings County.

Action by Mary E. Craigie against the city of New York. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

James D. Bell (P. E. Callahan, on the brief), for appellant.
Alexander S. Bacon, for respondent.

WOODWARD, J. In 1892 the Legislature of this state enacted a law entitled "An act to authorize the city of Brooklyn to establish and maintain a public library and reading room in said city and to provide for the payment therefor and for the maintenance thereof." This act was amended by chapter 497, p. 760, of the Laws of 1897, and it was provided by section 4, as amended, whenever the common council by a resolution determined to establish and maintain such free library under the provisions of the act, that the mayor should appoint a board of directors, consisting of 21 members, and this board, among other things, was to have power to appoint a librarian and necessary assistants and other employés, and to fix their compensations, and to "have power to remove such appointees." Section 5, as amended. It was clearly the intent of the Legislature to permit of the establishing and maintaining of a public library as a municipal institution, and acting under this authority the public officials of the city of Brooklyn did establish such an institution, and the plaintiff in this action was duly appointed an assistant librarian at a salary of $1,500 per year, and this salary was regularly paid to her until the 1st of November, 1902, and on the 19th day of November she was removed from her position. While the plaintiff was seeking to enforce her rights through another channel, the Brooklyn Public Library by act of the Legislature ceased to exist, and its employés ceased to have any relations

with the city. The plaintiff was thus forced to resort to an action at law to recover her salary during the time that she was out of the service, and the question here presented is her right to recover after having been removed by the board of directors.

It is not disputed that the plaintiff was enrolled in the classified civil service of the city, by reason of a request of the board of directors of the library for such enrollment of assistants; but the argument is advanced that there was no authority for such enrollment, and that the plaintiff could gain no rights under such enrollment. We are of opinion, however, that the city is hardly in a position to urge this as against the plaintiff, who was "holding a position in the classified municipal civil service subject to competitive examination" (section 1543, Greater New York Charter, Laws 1901, p. 636, c. 466), under regulations prescribed by the city. The section cited provides that "no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, shall be removed until he has been allowed an opportunity to make an explanation"; and both the letter and the spirit of the law demand that where a person is holding a position under the classified civil service, subject to examination, he shall be entitled to the protection which this provision was intended to give, even though the city may have exceeded its authority in placing the position under such rules and regulations. At least the presumption is that the public officials have discharged their duties, and it is hardly fair that persons who have been subjected to such regulations and have acquired positions under them shall be obliged to affirmatively show that the city has kept within its powers. In other words, the question ought not to be inquired into collaterally, as a means of defeating the rights of the plaintiff. We are of opinion, however, that the plaintiff was an employé of the city, and that as such she was within the purview of the law in reference to civil appointments, and is fully protected by section 1543 of the charter.

A body known as the "committee of administration of the board of directors of the Brooklyn Public Library" served some charges upon the plaintiff, who appeared before such committee and protested against any hearing or trial before such committee, claiming the right to be heard by the board of directors, who were alone authorized to remove her. This protest was disregarded, the committee reported to the board of directors, the plaintiff was unquestionably misled and prevented from appearing in her own behalf before such board, and without any consideration of the report the board of directors immediately adopted a resolution of removal. There is no pretense that this committee ever had this matter referred to them, or that the board of directors had ever adopted any by-laws authorizing such committee to act in cases of this character. The whole proceeding appears to have been conducted in disregard of the plaintiff's rights under the statute. We conclude, therefore, that the resolution of removal was a nullity, and that the recovery which has been granted the plaintiff is in accord with the law of this state.

The judgment appealed from should be affirmed, with costs. All concur.