Per Curiam.

Charges were preferred against petitioner, supervisor of probation in the County Court of Queens County, by respondent Downs; and after a hearing before that respondent, petitioner was found guilty of insubordination. As provided *454 by section 230-c of the County Law, there are two County Judges of said court. The other judge, Honorable Petes T. Fabbell, expressly stated that he did not agree to the filing of the charges or to the findings after the hearing, and directed petitioner to continue to perforin the duties of his position.
The charges against petitioner grew out of his refusal to deliver a certain probation investigation report to respondent Downs without a written request therefor. In so doing, petitioner was following the instructions given to him by Judge Fabbell. Under those circumstances, the charge of insubordination was unsubstantial and was not supported by the evidence, nor was there proof of incompetency or misconduct;
Moreover, respondent Downs, acting alone, had no power to suspend petitioner. Under the provisions of section 938 of the Code of Criminal Procedure, the power to appoint probation officers was vested in the judges of the County Court of Queens County, or a majority of them. As there are only two such judges, it necessarily follows that appointments may be 'made only by their joint action. (Matter of Donohoe v. O’Dwyer, 272 App. Div. 941, decided herewith.) The power of removal is an incident to the power of appointment, and consequently the act of removal requires the concurrence of both County Judges. (People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 223-224; People ex rel. Fonda v. Morton, 148 N. Y. 156, 160; Powell v. Tuttle, 3 N. Y. 396; Board of Excise v. Sackrider, 35 N. Y. 154, 158; Craigie v. City of New York, 114 App. Div. 880.) While petitioner was suspended and not removed, such punishment was warranted only by virtue of subdivision 2 of section 22 of the Civil Service Law (cf. Gregory v. Mayor, 113 N. Y. 416), and could be imposed solely by the two County Judges jointly, acting under the power of removal conferred in that section.
The entire proceeding was void and of no effect. Charges could be preferred, a hearing ordered and punishment imposed only by the joint action of both County Judges. We are, therefore, not limited in our right of review by subdivision 3 of section 22 of the Civil Service Law. .
The determination should be annulled on the law and the facts, without costs.
Lewis, P. J., Hagabtt, Cabswell, Johnston and Adel, JJ., concur.
Determination annulled on the law and the facts, without costs.