PEOPLE ex rel. MURPHY v. PRENDERGAST, Comptroller. (No. 6315.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

CLERKS OF COURTS (§ 11*)—COMPENSATION—RIGHT TO.

Judiciary Law (Consol. Laws, c. 30) § 160, declares that each justice of the Supreme Court of the First district shall appoint and at pleasure remove a clerk to the justice, while Laws 1895, c. 553, § 11, relating to the appointment of clerks, declares that such officers shall perform such additional duties as the Appellate Division may direct. Public Officers Law (Consol. Laws, c. 47) § 2, provides that the term "state officer" shall include justices of the Supreme Court and every officer appointed by other state officers. *Held* that, conceding the clerk of a justice of the Supreme Court to be a state officer, entitled under Public Officers Law, § 5, to hold until his office shall terminate, his office terminates when the justice who appointed him leaves the bench.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 33, 38, 40, 41, 50, 52, 57, 60, 63; Dec. Dig. § 11.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Proceeding by the People, on the relation of John J. Murphy, for a writ of mandamus against William A. Prendergast, as Comptroller. From an order denying the writ, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

C. L. Hoffman and H. A. Friedman, both of New York City, for appellant.

Wm. E. C. Mayer, of New York City, for respondent.

HOTCHKISS, J. In 1910 the relator was appointed clerk to Mr. Justice Gerard, whom he continued to serve until September 13, 1913, when Mr. Justice Gerard resigned. Some time thereafter the relator was appointed by Mr. Justice Weeks as his clerk. The relator was paid his salary to and including December, 1913, but his subsequent salary for a short period prior to his appointment by Mr. Justice Weeks

was withheld by the comptroller, and this application is to compel payment of the same. The claim of the relator is that after the resignation of Mr. Justice Gerard he continued to hold office until he was removed or his successor was appointed, which latter event occurred on his appointment by Mr. Justice Weeks.

[1] Prior to 1895, there was no legislative recognition of the office of clerk to a justice of this court. Until that date section 93 of the Code of Civil Procedure provided that the judges of certain courts in this state, including justices of this court, might—

"upon the request of any judge designate one of the said court attendants to also act as clerk and secretary of such judge for such time as they may designate."

By section 5, c. 553, Laws of 1895, it was provided that:

"Each of the justices of the Supreme Court in the First judical district, elected or transferred to said court, * * * shall appoint and at pleasure remove a clerk to such justice."

Section 11 of the same act provided that:

"Each of the *officers* hereinbefore named shall perform such additional duties as the said Appellate Division shall direct and shall be subject to such rules and regulations as shall be made by the said Appellate Division."

By the Judiciary Law (chapter 35, Laws 1909) all of the foregoing acts, including section 93 of the Code of Civil Procedure, were repealed, except section 11, above quoted. Section 160 of the Judiciary Law provides as follows:

"Each of the justices of the Supreme Court in the First judicial district shall appoint and at pleasure remove a clerk *to such justice.*"

Public Officers Law, § 2, provides that:

"The term 'state officer' includes  ·  •  *  justices of the Supreme Court, *  *  *  and every officer, appointed by one or more state officers, or by the Legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state, except United States Senators'· and other federal officials.

As further evidence of the public nature of the office of justice's clerk, regard may be had for the fact that it has been the custom for such clerks to take the usual oath of office, a custom which the record shows was followed by the relator. Further evidence of the legislative recognition of these clerks as embraced within the official class whose terms of office and faithful service may extend over so many years as to justify an expression of public gratitude is found in Laws of 1914, c. 497, where they are included among those who may be pensioned.

But, admitting that relator's office was a public office, I do not see how that fact affects the question: When did his term of office end? Nor does section 5 of the Public Officers Law seem to afford an answer. That section says:

"Every officer, except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the Constitution, having duly entered on the duties of his office, shall, *unless the office shall terminate* or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified."  .

The effect of this section is to turn one back to the original question: When did relator's office "terminate"? The learned court below was of the opinion that the office was coterminous with the term of the appointing justice. I concur in this view. The duties of the office are not defined by law. They are in fact of a general character, such as the term "clerk" implies, and are commonly of a confidential nature. The appointment and service is as clerk to the appointing justice *himself,* and the service performed is clearly personal to that justice. No duties, save such as he is so called upon to perform, devolve upon him by virtue of his office as clerk, and the personal and confidential character of the office are recognized by the Civil Service Law, which places justices' clerks in the exempt class. Consol. Laws, c. 7, § 12. Offices of a similar nature have been held to be coterminous with that of the official making the appointment. In People ex rel. Schulum v. Harburger, 132 App. Div. 260, 116 N. Y. Supp. 994, this court so held with respect to the office of coroner's clerk, and in Nammack v. Creelman, 145 App. Div. 289, 130 N. Y. Supp. 211, affirmed 206 N. Y. 630, 99 N. E. 1110, similar views were expressed with respect to the office of coroner's physician.

I see nothing in section 11, hereinbefore referred to, which militates against the view I take of the case. That section merely gives to this court power to direct that clerks such as those in question shall perform "such *additional* duties" as this court "shall direct." There is nothing in these words applying to the term of office, or indicating any intention to continue the same after the time when the particular service for which the appointment was made has become no longer possible.

The order should be affirmed, with $10 costs and disbursements.

CLARKE, SCOTT, and DOWLING, JJ., concur. INGRAHAM, P. J., dissents.