EDGAR HIRSCHBERG, Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued January 10, 1945; decided March 1, 1945.

*Ignatius M. Wilkinson,* Corporation Counsel (*Martin V. Callagy* and *Francis A. Fullam, Jr.* of counsel), for appellant. I. Respondent, whose employment as a general law assistant was discontinued by mutual consent at his own request during the period from June 1, 1942, to February 15, 1943, cannot properly be held entitled to compensation for that period as a matter of law. (*Coletti* v. *Knox Hat Co., Inc.,* 252 N. Y. 468; *Child* v. *Boyd Corey Mfg. Co.,* 56 N. E. 608.) II. Plaintiff was not the holder of a " public office " as a general law assistant. There attached to his position no independent sphere of jurisdiction, power or duty, no independent official status. These are the essential notes of the public officer as distinct from the public employee. (*People ex rel. Dawson* v. *Knox,* 231 App. Div. 490, 267 N. Y. 565.)

*Jacob J. Pantell* for respondent. The allegations of the complaint constitute a good cause of action. A public employee has the right to sue to recover a salary definitely fixed by statute. (*O'Connor* v. *City of New York,* 178 App. Div. 550, 224 N. Y. 644; *Moore* v. *Board of Education of City of New York,* 121 App. Div. 862, 195 N. Y. 614; *Nelson* v. *Board of Higher Education,* 31 N. Y. S. 2d 825; *Sutliffe* v. *City of New York,* 132 App. Div. 831; *People ex rel. Flynn* v. *Woods,* 218 N. Y. 124; *O'Neil* v. *State of New York,* 223 N. Y. 40; *Sullivan* v. *Whitney,* 25 N. Y. S. 2d 762; *Emmitt* v. *Mayor, etc., of New York,* 128 N. Y. 177.)

LOUGHRAN, J. In June, 1941, the plaintiff was appointed a general law assistant to the Justices of the Supreme Court in the County of New York at an annual salary of $7,500. While he was serving in that position an indictment for larceny was returned against him in May, 1942. Thereupon he wrote to one of the Justices a letter in this text: " As you are aware a terrible catastrophy has occurred to me. Under the circumstances I respectfully request that I be relieved of all duties to the Justices and the Court until the determination of this affair." The reply of the secretary of the Board of Justices advised the plaintiff that his request had been granted.

Conformably to that interchange, the plaintiff did no work for the New York Supreme Court or any justice thereof between May 7, 1942, and February 11, 1943. On the last given date, the indictment against him was dismissed and he was then allowed to reoccupy his place as general law assistant. Four days later — on February 15, 1943 — he resigned therefrom.

This litigation followed. The City of New York is the defendant. Whether the plaintiff is entitled to salary for the period of his absence from his position is the question to be determined. On cross motions for summary judgment, Special Term granted him a recovery of $5,649.75 which by our leave is now before us for review on an appeal by the City from a unanimous affirmance thereof.

Though the post of general law assistant to a court of justice can scarcely call for an exercise of any part of the sovereign power of the State, we shall assume that the plaintiff's appointment as such an assistant made him a public officer. (Cf. *People ex rel. Murphy* v. *Prendergast,* 165 App. Div. 186.) On that basis, the salary in question was an incident to the title of the office and was not dependent upon actual discharge by the plaintiff of the duties thereof. (*Nichols* v. *MacLean,* 101 N. Y. 526.) But that proposition, we think, does not justify the judgment against the City, in the circumstances as we have stated them.

As matter of conceded fact, the withdrawal by the plaintiff from his official functions was at his own request and for reasons that were entirely his own. It is not possible to read into that arrangement a stipulation that the payments theretofore made to the plaintiff from public moneys would be kept up for the

duration of such outright relinquishment by him of his office. Whatever right he had during that intermission was manifestly not a right to salary. (See *Wardlaw* v. *Mayor, etc., New York,* 137 N. Y. 194, 199; *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484; 43 Am. Jur., Public Officers, § 381. Cf. N. Y. Const., art. VIII, § 1.)

The judgments should be reversed and the motion of the defendant for dismissal of the complaint granted, with costs in all courts.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur; THACHER, J., taking no part.

Judgment accordingly.