In the Matter of HARRY SMITH, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 24, 1950.

*Nathaniel L. Goldstein, Attorney-General (Irving L. Rollins* of counsel), for J. Edward Conway and others, constituting the Civil Service Commission, and others, respondents.

*John P. McGrath, Corporation Counsel (Frank A. Piazza, Michael J. Kilcommons* and *Helen R. Cassidy* of counsel), for Lazarus Joseph, as Comptroller of the City of New York, respondent.

*Samuel Resnicoff* for petitioner.

WALTER, J. Petitioner was duly appointed clerk to a Judge of the Court of General Sessions. He was removed from his position by that Judge without notification of charges against him or a hearing. He is an honorably discharged veteran, having served in the Army of the United States in World War II, and he claims that because of that fact section 22 of the Civil Service Law protects him from removal except for incompetency or misconduct shown after a hearing. He brings this proceeding to obtain reinstatement, and respondents move to dismiss his petition as insufficient in law.

Section 22 of the Civil Service Law provides generally that honorably discharged veterans may not be removed from public positions held by them except for incompetency or misconduct shown after a hearing, but it then provides that that provision does not apply to the position of private secretary, cashier or deputy of any official or department.

Petitioner clearly was not a cashier or deputy, and the question hence is whether or not he was a private secretary.

In an apparent effort to avoid the conclusion that he was, petitioner has set forth in his petition that he received all his instructions, not from the Judge, but from some unnamed and unidentified person to whom he refers as the Judge's " private secretary ", and that the clerical duties which he performed were to answer the telephone in the Judge's chambers, to act as receptionist in chambers, to prepare and file cards identifying and recording information with respect to prisoners sentenced by the Judge, and to prepare an index to " the minute book."

Upon this motion to dismiss the petition as insufficient in law upon its face, all facts alleged in the petition must be assumed to be true and facts not there alleged cannot be considered. But that does not mean that I must close my eyes and mind to well-known and obvious facts as to the relation which does and must exist between a Judge and a man constantly in his chambers as a salaried public employee paid to serve the Judge. Furthermore, there are two important comments to be made with respect to paragraph 12 of the petition: 1. That the designation of the duties therein enumerated as " clerical " is a conclusion which is not admitted by the motion and does not prevent me from concluding that they are " secretarial "; 2. in the very form of the allegation there is implicit the idea that in addition to the duties there enumerated and described as clerical, petitioner performed other duties of an even more

pronouncedly secretarial nature, and that idea must be indulged if it is to be thought that petitioner came anywhere near earning his salary of $8,300 per year.

The statute authorizing petitioner's appointment refers to him as a clerk (Code Crim. Pro. § 55), but, as both sides insist, it is the nature of his duties and not the title of his position which must determine the question here presented. He is, or rather was, clerk to the Judge, not clerk to or of the court. His duties were such as the judge chose to impose upon him, and the duties of different clerks to different judges vary considerably according to the temperament, capabilities, and habits of the particular judge, but underlying the relationship in all instances there is a personal element and a high degree of confidence, without which the relationship would be intolerable to the parties and of no benefit to the public.

Even in commercial and other business dealings a principal, at least generally, is permitted to revoke an agency when he pleases, even though he has contracted with the agent for a definite period of time, for the reason that it is deemed contrary to public policy for a principal to have an agent forced upon him against his will (*Terwilliger* v. *Ontario, Carbondale & Scranton R. R. Co.*, 149 N. Y. 86; *Guerin Mills* v. *Barrett*, 254 N. Y. 380, 383; 1 Williston on Contracts [Rev. ed.], § 279; Restatement, Agency, § 118; *Kerr S. S. Co.* v. *Kerr Navigation Co.*, 113 Misc. 56; *Rogers Theatrical Enterprises* v. *Comstock*, 225 App. Div. 34), and although conscious of the great lengths to which the law rightly goes in protecting employees in subordinate public positions from discharge from unworthy motives, I find it impossible to believe that a judge of the Court of General Sessions must keep in his chambers, even as a receptionist, a man whom he no longer desires to have there.

No case directly in point has been cited or found, but I think such as have been brought to my attention tend to sustain that view (*People ex rel. Murphy* v. *Prendergast*, 165 App. Div. 186, 188, affd. 214 N. Y. 664; *People ex rel. Wren* v. *Goetting*, 55 Hun 611, opinion in 8 N. Y. S. 742, affd. 133 N. Y. 569; *People ex rel. Earl* v. *England*, 16 App. Div. 97; *Matter of Neary* v. *O'Connor*, 173 Misc 696, 698, 699; *Matter of Glassman* v. *Fries*, 271 N. Y. 116; *People ex rel. Schulum* v. *Harburger*, 132 App. Div. 260, 264, 265).

The motion to dismiss is accordingly granted.