250 So.2d 597

E. C. HERBERT

v.

STATE OIL AND GAS BOARD et al.

3 Div. 473.

Supreme Court of Alabama.

July 8, 1971.

Patterson & Rinehart, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for appellees.

MADDOX, Justice.

This is an appeal from a final decree of the Circuit Court of Montgomery County. E. C. Herbert, Appellant, filed a petition in equity for a declaratory judgment against the State Oil and Gas Board, its members and Supervisor, and against the State Personnel Board and its members. His petition claimed that the respondents had failed to accord him rights he was entitled to as a State employee under the Merit System laws of Alabama. He also asked that the court order his reinstatement as an

employee. Herbert was a Merit System employee of the State Oil and Gas Board. His duties were to enforce the laws of the State of Alabama, and the rules and regulations of the State Oil and Gas Board as they pertain to the exploration and production of oil and gas in Alabama in areas as assigned to him by his superiors. Herbert had worked as a field agent in North Alabama until January 1966, when he asked for and received a transfer to South Alabama. As a field agent in South Alabama, he commenced his duties making inspections in various oil fields in the area under the supervision of Boyd Bailey, District Geologist for the State Oil and Gas Board. Appellant claims that he found serious violations of the law and rules and regulations of the Board, but that as he attempted to carry out his duties, he was met with indifference, opposition and lack of support by his superiors. In August 1967 Herbert appealed to the State Oil and Gas Supervisor, who is the Chief Administrative Officer of the Board, and reported the violations and conditions in the oil fields to him and asked for his assistance. During this time, Herbert asked for a transfer and stated to his superiors that he would work anywhere they wanted him to work, but would not work further under the supervision of Bailey in Citronelle. His request for a transfer was denied. Herbert then applied for and was granted sick leave and annual leave and remained on leave until all accrued leave had been used. On March 5 or 6, 1968, Herbert received a letter from A. J. Harris, as Acting State Oil and Gas Supervisor, advising him that he was being placed on fifteen days' leave of absence without pay from March 1, 1968. The pertinent portion of the letter reads as follows:

" * * * Based upon your refusal to report to work you are notified that you are hereby placed on leave of absence, without pay, for a period of fifteen days from noon March 1, 1968. Unless you report for duty as instructed by Monday,

March 18, 1968, we will assume that you are not interested further in your job and shall ask the State Personnel Department to consider it vacant. I regret the necessity for this action."

Copies of this letter were sent to J. S. Frazer, Personnel Department Director, and to Herbert's superiors.

Herbert testified that he wrote a letter to Personnel Director J. Stanley Frazer and complained that he did not request a "leave of absence without pay", and asked for an interpretation. This letter is not in the record. Neither is there in the record a reply from Frazer. In fact, we are not aware of the facts which were before the Personnel Board when they heard Herbert's claim that he did not "resign." The record does contain the "Recommendation for Personnel Action" in connection with the matter and this form shows the kind of action taken by the Oil and Gas Board regarding Herbert as "Resignation." A copy of the letter, a portion of which is quoted above, from Harris to Herbert dated March 4, 1968 was attached to the personnel action form.

Herbert engaged an attorney, and on November 8, 1968, the Personnel Board notified his attorney that the Board would grant Herbert a hearing on December 3, 1968. The attorney could not be present and the hearing was reset for January 2, 1969, and reset again for January 9, 1969. In the meantime, his attorney withdrew from the case and Herbert appeared at the Board hearing on January 9 without counsel. We do not have before us what transpired at this hearing. Herbert testified about the meeting:

" * * * That day, I was denied the right to present any testimony or to present any witnesses. I was told by Mr. Ventress and the Personnel Board that if it were not a dismissal that they had no jurisdiction in the matter and I stated

to them that it was up to them to call it whatever they wished and that I was not trying to put words in their mouth and tell them what their job was and that I was taking the position that I had been illegally deprived of my job and it was up to them to determine that."

The action taken by the Personnel Department was stated as follows:

"STATE OF ALABAMA

"PERSONNEL DEPARTMENT

"Montgomery, Alabama 36104

"January 9, 1969

"Having heard Mr. E. C. Herbert on the question of the nature of his separation from his employment with the State Oil and Gas Board, it is the opinion of the State Personnel Board that the Oil and Gas Board did not dismiss Mr. Herbert. No charges were preferred against him, and he simply failed to report for work as instructed and thus ceased to be an employee. The Board therefore rules that it has no jurisdiction to hear Mr. Herbert's plea for reinstatement.

"/s/ J. S. Frazer
J. S. Frazer, Secretary

/s/ Tom J. Ventress
Tom J. Ventress, Chairman

"/s/ Ralph Adams
Ralph Adams, Member"

———◆———

At the trial below, Herbert admitted signing a request for return of his State retirement on May 29, 1968, but claimed that the words, "The cause of my withdrawal is resignation," were not on the request when he signed it.

The trial court heard the evidence ore tenus. In his final decree the trial judge found that "a Court is not allowed to enter the internal discretionary decisions of supervisory employees within the merit system as to working conditions of lower classified employees," and further found that "the relief prayed for is not within this Court's power to grant."

■ We must assume that the court's finding and conclusion that it did not have the power to grant the relief was a finding and conclusion that in this particular case there was no showing of fraud, corruption or bad faith, and therefore the court was without authority to interfere with the discretion which vested in the State Oil and Gas Board and the State Personnel Board. This Court has said on numerous occasions that courts will not interfere with the discretion vested in other units or branches of government, except in cases of fraud, corruption or bad faith, the equivalent of fraud. Finch v. State, 271 Ala. 499, 124 So. 2d 825 (1960), and the many cases cited therein.

Our assumption regarding the intent of the trial court is strengthened by the court's extension of its decree on Herbert's application for rehearing, the effect of which is a modification of the court's original decree. The Court stated:

"This cause coming on to be heard on Complainant's application for rehearing, the Court extends its decree heretofore entered, and finds that Complainant had exhausted all of the annual leave and sick leave to which he was entitled; that the Respondents then placed Complainant on leave of absence without pay for a pe-

riod of 15 days and informed the Complainant that if he did not return to work within the 15 day period it would be considered that Complainant had resigned his employment and that Complainant did not return to work within the 15 day period.

"The Court finds that the action of Respondents in placing Complainant on leave of absence without pay diid not violate the rules as set out in the Merit System Act and that Complainant's failure to report to work within the 15 day period operated as a resignation of his employment.

"The Court having considered the motion of application for rehearing of the decree and order rendered on the 7th day of April, 1970, is of the opinion that said motion is not well taken and should be overruled.

"IT IS THEREFORE ORDERED AND ADJUDGED, by the Court that said motion filed herein on the 5th day of May, 1970, be and the same is hereby overruled and denied."

We are in accord with the action of the trial court in denying the application for rehearing.

Herbert claims on this appeal that the manner in which his employment was terminated by the State Oil and Gas Board and approved by the State Personnel Board was in violation of the State Merit System Act.

Without question, Herbert was separated from the classified service when he failed to return to work on March 18 as ordered by the Acting Supervisor of the State Oil and Gas Board. Herbert claims that the action placing him on "leave of absence without pay" was the result of a conspiracy to force him to quit or to fire him and that this particular action was used to deprive

him of a right to a public hearing as authorized by Chapter 9 of Title 55, Code of Alabama, 1940.

A presumption of good faith attaches to the actions of the appointing authority and the State Personnel Board. Waggoner v. Whatley, 282 Ala. 84, 209 So. 2d 370. We cannot assume that the Personnel Board acted arbitrarily and capriciously.

Herbert's contention here is a very narrow one. He, in effect, said, "I will not work under Bailey," yet, the Oil and Gas Board made this requirement. At trial, Herbert still said he would not work under Bailey where the Board said he must work. Herbert also said, "Under the rules of the Personnel Board, you cannot grant me a leave of absence without pay when I do not request it. If you don't want me—you must fire me."

The applicable rules of the Personnel Board are not in the record before us. Without benefit of the rules and regulations, we know that the general construction of the terms, "leave of absence without pay," applies to a situation where an employee makes such a request in order to allow him to take a temporary leave of absence from his job without losing his status as an employee. We can agree that an *involuntary* leave of absence without pay would normally not be an appropriate procedure.[1] But, on the record before us, we cannot assume that the Personnel Board did not accord to Herbert all rights to which he was entitled. In *Waggoner*, supra, this Court said that in all cases involving *separations* from the service that the Personnel Board should review the matter upon request or in some instances on its own motion. While the Personnel Board apparently did not reach the merits of Herbert's separation, finding as a fact that he had *voluntarily* separated himself by failing to return to work on the date speci-

1. An involuntary leave of absence would appear to be more in the nature of a suspension which requires the appointing authority to notify the employee of the charges against him. Title 55, § 316, Code of Alabama, 1940.

fied, the Board did review Herbert's claim that he did not *resign*.

 Herbert would appear to have us rule that in order to resign a person must write a letter of resignation. Most resignations, whether voluntary or submitted under pressure of being fired, are probably made in writing by the person resigning. But a person may also abandon his job. Abandonment is a species of resignation and is applicable in cases of voluntary nonuser. See Rainwater v. State ex rel. Strickland, 237 Ala. 482, 187 So. 484 (1939).

There is a possibility that the rules and regulations of the Personnel Board with respect to resignations and dismissals may not have been followed explicitly in this case, but we do not think prejudicial error is made to appear for two reasons. First, there is a presumption that both the appointing authority and the Personnel Board acted in good faith. Both found that Herbert "resigned." The trial court found that Herbert had resigned and refused to reinstate him. Second, when Herbert had used up his sick leave and his annual leave, and had not reported back to work, his status as an employee was questionable. If he was not working, he certainly was not entitled to be paid. His rights as an employee underwent some change. Apparently, he had done nothing to perfect his right to continued employment and the first action along this line, whether authorized or not, was initiated by his superiors granting him a leave of absence without pay albeit without his request. The State had a valid interest in having the job Herbert was assigned performed. In fact, the letter of Harris had the effect of giving Herbert approximately two weeks to decide whether he wanted to return to his job. He not only failed to return, but admitted during the trial of this cause that he would *not work under Bailey*.

 The trial court heard the evidence ore tenus and there is a presumption of correctness which attends to his findings of fact.

We are limited to the record and we find no prejudicial error. We think the foregoing disposes of all points raised by the assignments of error argued in brief.

Affirmed.

HEFLIN, C. J., and MERRILL and HARWOOD, JJ., concur.

LAWSON, J., concurs in the result.