300 So.2d 435

**In the Matter of Richard P. EMMET, a Judge.**

**SC 807.**

Supreme Court of Alabama.

July 25, 1974.

Rehearing Denied Sept. 12, 1974.

Steiner, Crum & Baker and M. R. Nachman, Jr., Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, for Richard P. Emmet.

Jack Livingston, Scottsboro, for Judicial Inquiry Commission.

FAULKNER, Justice.

Richard P. Emmet, a Circuit Judge of the Fifteenth Judicial Circuit, appeals from a decision of the Court of the Judiciary censuring him for misconduct in office.[1]

On December 17, 1973, Judge Emmet sent a letter to each of the judges of the Court of Criminal Appeals which he termed "extraordinary and confidential."

1. " 'This matter having been submitted to the Court on the record and stipulations made in open Court, the Court now proceeds to make its findings and order.

" 'Unauthorized, ex parte, or confidential or undisclosed, communications should not be initiated by a Trial Judge to an Appellate Court or Judge with design to influence its or his decision in a pending or impending proceeding.

" 'This Court finds that Judge Richard P. Emmet did make an unauthorized ex parte, confidential communication to the Judges and Court of Criminal Appeals. This action though improper, does not call for sanctions which would further suspend him or remove him from office, but the Court does find that his actions here involved did constitute misconduct in office.

" 'The Court, therefore, expresses disapproval of the conduct of the Respondent Judge, which conduct this Court condemns as being improper.

" 'Censure having been entered of record, no further sanction will be entered, and the disqualification of Judge Emmet, which has existed during the pendency of this matter, is terminated, effective immediately; and this proceeding is closed. It is so ordered, adjudged, and decreed by the Court.

" 'Wright, Chief Judge, and Carter, Paul and Riddick, Judges, concur: Hocklander, concurs specially.

" 'Hocklander, Judge, concurring specially: I concur in the decision that ex parte communications of this type should be condemned but would not go as far as to classify it as misconduct in office.' "

In the letter Judge Emmet outlined his reasons for setting very high bonds in the cases of three individuals who had just been indicted in cases involving fraudulent sales of machine parts to the State of Alabama Highway Department. Judge Emmet expressed hope that the appellate court judges would view the cases in the same light as he had and maintain the bonds at the level he had set in the event they were called upon by the defendants to review them in the future. In the letter he said he had received anonymous telephone calls to the effect that one of the defendants intended to flee the State if indicted and had been offered financial inducement to do so. As to all of the defendants, he felt, through discussions with the Attorney General and District Attorney, they could give evidence which went "to the very core of a great deal of corruption in various governmental departments." He stated that the maintenance of high bonds might assist in getting to "the heart of the matter." The letter did not show service on the defendants or their counsel. It was stipulated at the hearing in the Court of the Judiciary that a copy was not served on defendants or their counsel.

On the following day, December 18, 1973, the judges of the Court of Criminal Appeals sent the letter to the Judicial Inquiry Commission created by Amendment 317 to the Constitution of 1901, and with the letter a transmittal letter signed by all of them suggesting that the Commission take whatever action it deemed appropriate. Coincidentally, on December 18, 1973, the new Judicial Article was ratified, amending Article VI of the Constitution and specifically repealing Amendment 317, and establishing a Judicial Inquiry Commission. On March 5, 1974, the Judicial Inquiry Commission filed a complaint against Judge Emmet pursuant to § 6.17(b) of the new Judicial Article to the Constitution of Alabama which was proclaimed by

the Governor of Alabama on December 27, 1973 to be Amendment No. 328.[2] This section has now been unofficially codified as Article 6, § 156, Constitution of 1901, in the 1973 Cumulative Supplement to Volume 1 of the 1958 Recompiled Code. Subsection (b) provides that:

> "The commission shall be convened permanently with authority to conduct investigations, receive or initiate complaints concerning any judge of a court of the judicial system of this state. The commission shall file a complaint with the court of the judiciary in the event that a majority of the members of the commission decide that a reasonable basis exists, (1) to charge a judge with violation of any canon of judicial ethics, misconduct in office, failure to perform his duties, or (2) to charge that the judge is physically or mentally unable to perform his duties . . . The commission shall prosecute the complaints."

The Commission's original complaint of March 5, 1974, filed against Judge Emmet made the following allegations in substantially the same language that follows:

1. That acting in his judicial capacity Judge Emmet wrote and caused to be delivered the letter which was incorporated by reference, to the Presiding Judge and Associate Judges of the Court of Criminal Appeals of Alabama and that such action constituted misconduct in office.

2. That he failed to notify the defendants or their counsel and that such action constituted misconduct in office.

On March 8, 1974, a motion to dismiss or quash the complaint was filed on behalf of Judge Emmet. Subsequently, on March 12, 1974, the complaint was amended to add charges 3 and 4. These charges alleged "willful misconduct in office" by sending the letter and by not notifying defendants or their counsel. Apparently this

---

2. Under annotations and amendments to the Constitution of Alabama, 1901, in the 1973 Cumulative Supplement to Volume 1 of the 1958 Recompiled Code, the Michie Company

has indicated that the new Judicial Article is Amendment No. 333; however, the official records of the Secretary of State of Alabama reflect that the amendment number is 328.

complaint was amended to encompass the provision of Amendment 317 referring to willful misconduct in office by a judge. The new Judicial Article only refers to misconduct in office.

The Court of the Judiciary held its hearing on the case on March 12, 1974. It heard argument on the Judge's motions to dismiss the charges. The motion and amended motion to dismiss the amended charges were overruled. Whereupon, counsel for the Judge stated that his client admitted that he wrote the letter; that he sent it to members of the Court of Criminal Appeals; that he intended to send the letter. Having no further evidence to offer as to the merits of the case, the matters before the court were stipulated.

Section 6.18 of the new Judicial Article referred to above provides for a Court of the Judiciary. This section has been unofficially codified as Article 6, § 157, in the 1973 Cumulative Supplement to the 1958 Recompiled Code. The court is convened to hear complaints filed by the Judicial Inquiry Commission. It has authority to remove a judge from office, to suspend him with or without pay, or censure him, or apply such other sanctions as may be prescribed by law for violation of a canon of judicial ethics, misconduct in office, or failure to perform his duties. The court has authority to suspend with or without pay, or to retire a judge who is physically or mentally unable to perform his duties.

Subsection (b) gives a judge aggrieved by a decision of the Court of the Judiciary the right of appeal to the Supreme Court of Alabama. it is also provided by this subsection that the Supreme Court shall review the record of the proceedings on the law and the facts.

Subsection (c) provides that the Supreme Court shall adopt rules governing the procedures of the Court of the Judiciary. On March 11, 1974, the Supreme Court adopted rules of procedure for the Court of the Judiciary. All parties, and the Court of the Judiciary, had copies of the rules on the date of the hearing, even though the hearing was held one day after their adoption by this court. Rule 10 provides that the Alabama Rules of Civil Procedure and the rules of evidence used in civil cases in Alabama shall govern proceedings before the court, but the allegations of the complaint must be proved by clear and convincing evidence.

Judge Emmet bases his appeal primarily on the proposition that he was "convicted" for misconduct in office without any rules of conduct or canons of ethics adopted by the Supreme Court pursuant to § 6.08(c) of the Judicial Article for judges of any of the courts of Alabama, and without any definition of misconduct as applied to judges; that such absences violated his rights under the new Judicial Article. The act which is the basis of the charge occurred on December 17, 1973, one day before the people approved the new Judicial Article, which for the first time spelled out in specific language that the Supreme Court shall establish canons of judicial ethics. Counsel for the Judge requests that no distinction be made between an allegation of misconduct under the new Judicial Article and willful misconduct under Amendment 317 which was repealed. Therefore, the discussion of this issue is pretermitted.

Counsel for the Commission argues that the letter speaks for itself and was an attempt to influence the judges of the Court of Criminal Appeals and that the act of sending the letter to the judges constituted misconduct.

■ Any time a judge of any court is charged with misconduct in office it shivers the timbers of the judicial system. Public confidence in the courts is shaken and the administration of justice is rendered suspect in the eyes of the citizens; the impartiality of the judges is questioned. A judge should not engage in any conduct in private or public life which would bring about disrespect to him or the high office he holds. His conduct should not be such as would violate the public trust judges hold.

**148**

Misconduct in office is defined as any unlawful behavior by a public officer in relation to the duties of his office, willful in character. Wysong v. Walden, 120 W.Va. 122, 196 S.E. 573 (1938); In re Haggerty, 257 La. 1, 241 So.2d 469 (1970). It involves intentional wrongdoing or total lack of concern for one's conduct. It is more than that conduct which comes about by reason of error in judgment or lack of diligence. Whether an act constitutes misconduct must be determined from the facts surrounding the act, the nature of the act, and the intention of the actor. Cf. State of Louisiana, ex rel. Gremillion v. O'Hara, 252 La. 540, 211 So.2d 641 (1968).

In the case before this court we are of the opinion that Judge Emmet's act of sending the letter was clearly an act of judicial impropriety, but it was not an act of unlawful behavior. While the letter improperly attempts to influence the Court of Criminal Appeals, it should be noted that the members of that court were never called upon to review the amount of the bail bonds, and no defendant was actually prejudiced by the writing of the letter. This is not an indication that the matter became moot for this reason.

While this type of ex parte communication is to be condemned, we find no clear and convincing evidence of unlawful behavior of Judge Emmet shown in this case which constitutes misconduct in office. Therefore, the finding that the actions of Judge Emmet constituted misconduct in office, and the censure by the Court of the Judiciary are reversed.

Reversed and rendered.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, McCALL and JONES, JJ., concur.

MADDOX, J., concurs specially.

COLEMAN, J., concurs in the result.

MADDOX, Justice (concurring specially).

I concur that what Judge EMMET did was not "misconduct in office," but I believe the opinion is dicta. Judge EMMET wrote the letter on December 17, 1973, before the new Judicial Article was approved by the people and ratified by the Governor. Therefore, I think the Court of the Judiciary was without jurisdiction of the charge.