336 So.2d 1175 (1976)
In re INQUIRY Concerning a Judge, No. 76-13 (J. Cail Lee).
No. 49929.
Supreme Court of Florida.
August 27, 1976.
Woodrow M. Melvin, Milton, and John T. Wigginton, Tallahassee, for the State of Fla. Judicial Qualifications Commission, petitioner.
Richard R. Kirsch of Kirsch & Mills, Fort Lauderdale, for Judge J. Cail Lee.
PER CURIAM.
We have before us a recommendation of the Judicial Qualifications Commission for a public reprimand of Judge J. Cail Lee of the Seventeenth Judicial Circuit, for conduct unbecoming a member of the judiciary. This recommendation has been filed pursuant to Article V, Section 12(f), of the *1176 Florida Constitution, which provides in relevant part:
"Upon recommendation of two-thirds of the members of the judicial qualifications commission, the supreme court may order that the justice or judge be disciplined by appropriate reprimand . . for ... conduct unbecoming a member of the judiciary... ."
The Commission has found as a fact, by the affirmative vote of not less than nine of its members cast following a public hearing on July 20, 1976, that,
"on or about April 18, 1976, while a member of the Judiciary serving as a Circuit Judge of the Seventeenth Judicial Circuit of Florida, respondent, J. Cail Lee, openly engaged in sexual acts while in an automobile parked in a public parking lot in Fort Lauderdale, Florida."
The Commission concluded that Judge Lee's conduct
"has rendered himself an object of disrespect and derision in his role as a judge, has caused public confidence in the Judiciary to become eroded, is guilty of violating Canons 1 and 2 of the Code of Judicial Conduct as adopted by the Supreme Court of Florida on July 25, 1973, and is guilty of conduct unbecoming a member of the Judiciary."[1]
It is recommended that we administer a public reprimand, and that we return Judge Lee to active duty at the earliest practicable time.
Judge Lee has filed a waiver of his right to appeal from the findings and recommendation of the Commission, and joins in the request of the Commission for a public reprimand and immediate restoration to his duties of judicial office.
The Commission's finding that Judge Lee engaged in sexual activities with a member of the opposite sex not his wife in a parked automobile is adequately supported by evidence in the record before us. Judge Lee has clearly engaged in conduct unbecoming a member of the judiciary.
The Commission has recommended as the only discipline for Judge Lee that we issue a public reprimand. Although there is no express finding or statement by the Commission as to why this discipline was preferred over others that are available, such as removal from office, we assume from our independent review of the record that the Commission was influenced by:
(1) undisputed testimony and other supportive evidence to the effect that Judge Lee is an able jurist who is well-regarded by the bench and bar in Broward County, and that this extra-judicial incident will not impair his ability to function as a judge in that community;[2] and
(2) Judge Lee's uncontradicted, sworn statement to the Commission stating that:
"my presence and the time and place of the incident resulted from my having *1177 had too much to drink, occurred during an early Sunday morning on a holiday weekend, and did not in any way involve my judicial office. Neither the other party alleged to be involved in this incident nor any member of her family has ever appeared before me, or on behalf of, a party or witness, corporate or individual at any time, ever. Furthermore, during the almost three months since this incident occurred, I have not taken a single drink of any alcoholic beverage of any kind, in any place, in any amount, nor do I intend to do so in the future."
Under the totality of circumstances in this case, we accept the recommendation of the Commission and hereby reprimand Judge Lee for his conduct in this matter. Further, we admonish Judge Lee to comply with his oath as a member of the judiciary and to abide by the Code of Judicial Conduct, noting that the full record of this inquiry may be introduced into evidence in any subsequent inquiry concerning Judge Lee which may be brought before the Judicial Qualifications Commission. The occasion of any other incidents which might by themselves justify only a reprimand may then be considered in determining whether the accumulated misconduct is sufficient to warrant removal from office. In re Kelly, 238 So.2d 565 (Fla. 1970). We reiterate what we said there:
"Because of the nature of the proceeding, the doctrines of res judicata and double jeopardy do not apply... . The reprimand does not amount to an acquittal, nor does it have the elements of a final judgment necessary to invoke the principles of res judicata." Id. at 570.
Judge Lee is immediately reinstated to his duties as a circuit judge of the Seventeenth Judicial Circuit of Florida. This Court, however, under its administrative authority, directs that he shall not exercise jurisdiction in any criminal case without the express approval of the Chief Justice of this Court. It appearing that Judge Lee's right of rehearing has been waived, this Court dispenses with rehearing.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.
SUNDBERG, J., concurs specially with opinion with which HATCHETT, J., concurs.
SUNDBERG, Justice (concurring specially).
While I obviously concur without reservation in the finding by the Judicial Qualifications Commission that Judge Lee, inter alia, has caused public confidence in the judiciary to become eroded and has been guilty of conduct unbecoming a member of the judiciary, I have the gravest reservations concerning the recommendation of discipline in this cause. Public reprimand seems minimally appropriate for the conduct of which Judge Lee has been found guilty. Public confidence in the judiciary has to have been severely shaken by his acts.
The point at issue before us is not punishment for the offender, however, for surely the notoriety of his acts has left an indelible scar on the life of the man. What is at issue is whether he can continue to function as a useful member of the judiciary. It is the administration of justice with which the Judicial Qualifications Commission and this Court must be concerned in proceedings such as these.
The Commission through its recommendation obviously has concluded that the judge can continue to serve the judicial system, and the Court's decision has curtailed his activities so that he will not be sitting in judgment of matters involving moral turpitude  at least for the present. Therefore, in order to disagree with the Commission's recommendation of discipline, one must substitute his judgment for that of those Floridians who heard all the evidence and had the opportunity to observe the demeanor and candor of the witnesses. As one who has long supported and aided *1178 the development of the Judicial Qualifications Commission as an integral part of the state's machinery to promote confidence in the judiciary, and as one who will zealously guard that agency's ability to perform its special role in our system of government, I am "hard put" to indulge my own sense of propriety and to discard the recommendation of the Commission.
For the foregoing reasons alone, I concur in the discipline recommended by the Commission, subject to the further conditions imposed by my colleagues.
HATCHETT, J., concurs.
NOTES
[1] Canons 1 and 2 of the Code of Judicial Conduct provide, respectively, so far as is relevant here:

Canon 1:
"A Judge Should Uphold the Integrity and Independence of the Judiciary
"An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved... .
Canon 2:
"A Judge Should Avoid Impropriety and the Appearance of Impropriety in All his Activities
"A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
[2] Testimony was received from two former chief judges of the Seventeenth Judicial Circuit and a member of the criminal trial division of the State Attorney's office. A local bar poll of judges was admitted into evidence, showing a very high ranking for Judge Lee in each of the past two years. The most recent poll was taken after the incident which led to these proceedings.