BRADLEY, Judge.
This appeal is from a judgment of the Circuit Court of St. Clair County in which there was a finding against plaintiff on his complaint and a finding for defendants on their counterclaim against plaintiff in the amount of $1,800.
Appellant, James O. Hayden, filed a complaint against the Town of Riverside, Alabama and its mayor and town councilmen alleging that he had been employed as a police officer on May 8, 1972 and was in October 1972 appointed chief of police; that he served in such capacity until March 3, 1973 when he was discharged illegally, wrongfully and without good cause; that he was discharged without notice and hearing; and that he had always performed his duties promptly and efficiently. Hayden requested a declaratory interpretation of Title 37, Section 451, Code of Alabama 1940 (Recomp. 1958); an injunction to prevent defendants from refusing to employ Hayden as chief of police; and a judgment requiring that defendants pay him the wages he lost by virtue of his illegal termination as such officer.
Defendants denied the allegations of the complaint and then filed a counterclaim. In the counterclaim defendants alleged that plaintiff had been employed as a police officer on May 8,1972 and as police chief in October 1972; that he had been paid $600 per month as police chief until March 3, 1973 when his employment contract was terminated; that as part of his employment agreement he was to perform his duties as a police officer correctly, efficiently and promptly; that from October 1972 through February 1973 plaintiff did not perform his agreement as he had promised and as required by defendants; that defendants paid plaintiff for the period aforesaid $600 per month; and that defendants claim of plaintiff $3,000 as damages.
Defendants’ motion to strike plaintiff’s jury demand was granted on January 31, 1975 after plaintiff’s counsel had informed the court he would not be present for the hearing on the motion. On February 6, 1975 plaintiff filed a motion asking the court to dismiss his complaint without prejudice. This motion was carried over to May 27, 1975, the day set for a hearing on the merits of the case.
On May 27, 1975, the trial date, neither the plaintiff nor his attorney appeared; the defendants and their attorneys appeared and announced ready for trial.
The court, after hearing evidence that plaintiff’s attorney had been notified of the hearing date, conducted a hearing on the merits of the ease. During the hearing defendants placed in evidence the testimony of three witnesses: the mayor and two *579 councilmen. Their testimony tended to show that the plaintiff had, contrary to instructions, driven the patrol car an excessive number of miles and had driven it outside the city limits; had failed and refused to arrest law violators; had failed to collect license fees from the town’s businesses; had illegally confiscated legal whiskey, which contained Alabama tax stamps, from a legitimate business within the city limits of the town; that he had made improper sexual advances to women other than his wife; that he would not keep the mayor and councilmen informed of his whereabouts; that he would check out but would not check back in; that he stayed at the Holiday Inn for hours on end; that his attitude was: “Well, if I see somebody doing something I might give them a ticket. . I will tend to it if I think anything needs to be tended to . ;” that he was not interested in enforcing the traffic laws because he was only interested in enforcing the drug laws (Riverside has a population of 351); that the town council fired the plaintiff for not doing his job as a police officer; that plaintiff was present at the meeting of March 3, 1973 and the council discussed with him all of the above grievances they had with him and asked him to resign, and plaintiff refused to resign; that upon plaintiff’s refusal to resign the council unanimously fired him; that from December 1972, when the council gave plaintiff a second chance, up until March 3, 1973, the date he was fired, plaintiff did not make a single arrest because he was never in town; and that he used the city police car to take his children to a private school which was located about ten miles outside Riverside.
Subsequent to the hearing the trial court rendered a judgment in which it refused to allow plaintiff to dismiss his action. Moreover, the court found that plaintiff, while employed as chief of police of Riverside, Alabama at $600 per month, had failed to perform his duties as such officer efficiently, promptly or expertly and therefore plaintiff was not wrongfully discharged by defendants. The court further found that plaintiff’s conduct amounted to a breach of his employment agreement and in effect was a relinquishment of his job as police chief in December 1972, and on the basis of this finding, awarded defendants $1,800 in damages.
Plaintiff’s motion for new trial was overruled after a hearing and he appeals.
In brief plaintiff argues several issues, the first of which concerns the trial court’s refusal to permit him to dismiss his complaint.
Rule 41 of the Alabama Rules of Civil Procedure deals with dismissal of actions and, in the part here pertinent, provides as follows:
“(a) Voluntary Dismissal: Effect Thereof.
“(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs .
“(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . ”
In the case at bar plaintiff’s motion to dismiss his complaint was filed after the answer was filed, so it was necessary to obtain the approval of the court for the dismissal. Rule 41(a)(2), supra. The rule is that the allowance of such a motion is not one of absolute right but is discretionary with the trial court, and the exercise thereof will not be disturbed on appeal except for clear abuse. Moore v. C. R. Anthony Co., 198 F.2d 607 (10th Cir. 1952).
The record shows that plaintiff’s attorney had been notified of the hearing date but neither he nor the plaintiff appeared on that day. The record also shows the defendants and their lawyers appeared *580 and announced ready for trial, and that they had several witnesses present to testify. On the basis of the record before us on this appeal, we are unable to say that the trial court abused its discretion in refusing to permit plaintiff to dismiss his action. See Ockert v. Union Barge Line Corp., 190 F.2d 303 (3d Cir. 1951).
Plaintiff’s next complaint is that he was not given notice of his impending discharge nor was he given a hearing by the Town of Riverside prior to his discharge, all in violation of Title 37, Section 451, Code of Alabama 1940 (Recomp. 1958). Section 451 provides:
“Any person appointed to office in any city or town may, for cause, after a hearing, be removed by the officer making the appointment. The city council may remove, by a two-thirds vote of all those elected to the council, any such person for incompetency, malfeasance, misfeasance, or nonfeasance, in office and for conduct detrimental to good order or discipline, including habitual neglect of duty, in the several departments.”
The evidence shows that the mayor, Mr. Coleman, talked to the plaintiff in December 1972 and then again on January 2, 1973 about the plaintiffs failure to perform the job of police chief. On January 2, 1973 the mayor relieved the plaintiff of his duties as police chief. On January 3, 1973 the town council met with the plaintiff after notifying him of the meeting and discussed with him all of the problems they were having with him and what they wanted him to do as police chief. At this meeting the council voted three to two to give plaintiff another chance to do his job properly. According to the testimony the plaintiff did not do the things he had been told to do in order to properly carry out his duties as police chief.
On March 3, 1973 the town council met again to discuss, among other things, their problems with the plaintiff. The plaintiff was present at this meeting and again the council members discussed with plaintiff the problems they were having with him and why he was not properly performing his duties as police chief. The council then voted unanimously to ask for plaintiff’s resignation; the plaintiff refused to resign and the council then unanimously voted to fire him.
Based on the evidence set out above, we conclude that Title 37, Section 451 was not violated by the defendants, and that plaintiff had sufficient notice of the reasons why the defendants were dissatisfied with his performance of the duties of police chief. We further hold that plaintiff had an adequate hearing on these matters and that he was given every opportunity to do the job of police chief according to the terms of his employment agreement.
Plaintiff also argues in brief that defendants did not have the authority to discharge him from the position of police chief because the defendants did not show that he was guilty of intentional wrongdoing as required by the supreme court in the case of In re Emmet, 293 Ala. 143, 300 So.2d 435. The Emmet case is inapt authority for this contention for the reason that the supreme court was construing a constitutional provision relating solely to the disciplining of judges. Section 451 provides the grounds for the dismissal of the plaintiff and, as pointed out above, there was undisputed evidence that plaintiff had failed, and indeed, had refused to carry out the duties of police chief as had been described to him on many occasions by the mayor and councilmen of the Town of Riverside.
Next, plaintiff says that the trial court erroneously struck his demand for jury trial. He says that he had requested in his complaint a declaratory judgment on Title 37, Section 451, Code of Alabama 1940 (Recomp. 1958), a money judgment to recover lost wages and an injunction to prevent defendants from refusing to allow him to work as police chief. Of the three claims, he submits that only the request for the injunction constitutes strictly equitable relief and therefore he should have been entitled to a jury trial on the law issues raised by his complaint.
As we view plaintiff’s complaint, it was a request for the court to decide whether he *581 had been properly discharged from his position as police chief and, if not, to enter an order reinstating him as police chief and paying him for lost wages.
However, we consider it unnecessary to consider plaintiff’s objection on its merits for the reason that plaintiff waived his right to a jury trial when he and his counsel failed to appear on the day of the trial to prosecute his claim and defend against defendant’s counterclaim. Rules 38(d) and 55(a), (b)(2) and (d), ARCP (and committee comments thereto). We find no error here.
Lastly, we consider plaintiff’s contention that the trial court erred in awarding defendants $1,800 on their counterclaim. The amount awarded appears to represent about three months’ salary at $600 per month for the three months that defendants contend that plaintiff did nothing as police chief to warrant receiving the salary. Plaintiff replies that defendants are estopped from recovering monies that they had paid him while he was police chief, especially when he was permitted to remain in that capacity and hence was led to believe that he would receive a salary therefor.
Defendants say in brief that they waive the judgment and will make no effort to collect it. However, it is an outstanding judgment against plaintiff and the trial court, by way of imposing the judgment, said the evidence showed that plaintiff had not performed the duties required of him by his employment agreement and the failure to perform these duties amounted to a voluntary relinquishment of his position as police chief on or about December 1972.
The general rule is that a municipal officer may abandon his office and such abandonment constitutes an implied resignation. 62 C.J.S. Municipal Corporations, § 502b. In Herbert v. State Oil and Gas Board, 287 Ala. 221, 250 So.2d 597, the supreme court said that not only may a person resign from his job, but a person may also abandon his job. “Abandonment is a species of resignation and is applicable in cases of voluntary nonuser.”
A modification of this general rule has come about by the adoption of the proposition that mere neglect by a municipal officer to perform his official duties, without an affirmative showing of an intent to abandon the office, will not justify a refusal to pay his salary. Johnson v. Brooks, 139 Ga. 787, 78 S.E. 37; People v. Bradford, 267 Ill. 486, 108 N.E. 732.
Likewise, in State v. Sullivan, 91 Ohio App. 305, 108 N.E.2d 159 and Hirschberg v. City of New York, 294 N.Y. 55, 60 N.E.2d 539, the courts, although espousing the modified rule mentioned above, held that the employee had voluntarily absented himself from his job and was therefore not entitled to receive pay for the period of his absence.
The supreme court in Herbert said that the employee had refused to report for work even after he had been told to do so and this voluntary refusal to work amounted to an abandonment of his job.
In the case at bar the evidence is overwhelmingly to the effect that plaintiff failed to properly perform the duties assigned to him as police chief. The record does not show that plaintiff left the Town of Riverside or that he voluntarily gave up the position for any length of time. He was holding the position of police chief and .was being paid for it but, according to defendants, was not doing it as per instructions. Such conduct does not warrant a finding that plaintiff had abandoned the position of police chief, and there being no abandonment of the position of police chief during the period preceding the date of discharge, i. e. March 3, 1973, plaintiff was entitled to receive the compensation therefor. The trial court committed error in directing that plaintiff repay to the Town of Riverside $1,800 for back salary. Consequently, that aspect of the trial court’s judgment finding for defendants on plaintiff’s complaint is affirmed, and that aspect of the judgment finding for defendants on their counterclaim against plaintiff is reversed and the case is remanded for a judgment to be entered finding for plaintiff on defendants’ counterclaim.
*582 AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.