The appeal in this case was taken from the judgment and sanction of the Court of the Judiciary, suspending Judge Wilson Hayes from office without pay until the end of his term. This judgment was entered on December 9, 1982, and Judge Hayes's term expired on January 17, 1983. His bid to be re-elected to office had failed in the November election of 1982. We believe the judgment, as well as the sanction imposed by the Court of the Judiciary, to be proper, and we affirm.
Judge Hayes had been a circuit judge of Baldwin County since December 17, 1976. A divorce proceeding, Freddie Lee Scott v.Dorothy Woodyard Scott (Baldwin County Case No. DR 81-000586) came to trial before him on December 17, 1981. The evidence at that trial showed Mr. Scott and Mrs. Scott had five children. They had been separated approximately seven years. Mr. Scott continued to live on the property that had been their homeplace. Mrs. Scott had an interest in the title to at least part of this property. At the time of the divorce trial, Scott was living with another woman and was the father of two children by her. The only disputed issues between Mr. Scott and Mrs. Scott were support of the children and disposition of the homeplace.
At the conclusion of the presentation of evidence at the trial, Judge Hayes stated that he would look with great interest to whether Mr. Scott would have a vasectomy and that he expected to hear from Mr. Scott within 14 days concerning whether he had such an operation. He further stated that he was totally serious, and that he felt sure that Mr. Scott would have a vasectomy because whether he did so would have a great deal to do with the decree that Judge Hayes would enter in the case. Judge Hayes made a note, "Expect to hear of vasectomy in 14 days."
After the trial, Mr. Scott's attorney followed Judge Hayes into chambers and asked him if he were serious about the vasectomy, commenting that there were serious constitutional questions involved. The judge described this conversation:
 I spoke sharply to his counsel and in effect told him that I thought it was a marvelous idea and that his good faith might be indicated by his vasectomy, and would look forward to hearing a report from it, but that I would defer my decision pending my DPS report. . . .
The attorney described it:
Q. What did Judge Hayes say?
 A. He said thank you for reminding me of the constitution, but if Mr. Scott has the vasectomy, then he will probably be *Page 1278 
allowed to keep the home place. If he doesn't, then I will break up the home place.
Q. Did Hayes say anything else to you?
 A. Yes. He made the statement that as far as he was concerned, there were enough pickaninnies in the world.
Three issues are raised by the appeal in this case.
 1. Did the court err in finding that Judge Hayes had violated Canon 2 (A) and Canon 2 (B) of the Alabama Canons of Judicial Ethics?[1]
 2. Are the judgment and sanction due to be reversed because counsel for the Judicial Inquiry Commission argued that a prior case against Judge Hayes was relevant on the issue of the proper sanction to be applied in this case?
 3. Is the penalty imposed by the court too severe under the circumstances?
We shall discuss each issue separately.
 I.
Counsel for Judge Hayes advance the argument that their client cannot be guilty of violating Canons 2 (A) and 2 (B) of the Judicial Canons because he was not guilty of any misconduct in office. Misconduct in office is defined as unlawful behavior by a public officer in relation to the duties of his office, which is willful in character. They say judges, like other human beings, are subject to fits of anger, pressure, tiredness and overwork. They say this was particularly true in Judge Hayes's case, handling the domestic relations docket in Baldwin County, and seeing, in this case, a man who had fathered seven children and was only making $645.00 per month as a hospital orderly. They also argue that Judge Hayes's comment was just that, a comment, and not an order; and that any harm which befell Mr. Scott was of his own doing.
As to Judge Hayes's argument that he was not guilty of unlawful conduct in the technical sense and, therefore, could not be guilty of misconduct in office, we agree. But this argument completely misses the point. Judge Hayes was charged with unethical conduct, not misconduct. Because of the difference in charges, counsel's reliance on this court's decision in In Re: Emmet, 293 Ala. 143, 300 So.2d 435 (1974), is misplaced. In that case, Judge Emmett was charged with misconduct solely. Canons 2 (A) and 2 (B) prescribe the conduct that a judge must follow at all times in order to promote public confidence in the integrity of the judicial system and not bring high office into disrepute.
Members of the Bar should think twice before they hold themselves available for judicial office. Judges are not to be measured by the standards of ordinary men and women. Because of the awesome responsibilities of their office (and corresponding awesome powers), the public expects them to be a cut above the ordinary. Noblesse oblige — From one to whom much is given, much is expected.
Can one seriously contemplate that the public would not be enraged by the judge's suggestion of action on the part of Mr. Scott which he could not legally or constitutionally order? Such conduct harks back to an attitude which we have made substantial *Page 1279 
progress in eliminating. It cannot be tolerated in our courts of justice.
Judge Hayes's argument that Mr. Scott's action in having the vasectomy was voluntary is inconsistent with his statement to the effect that he was serious about what he suggested to Mr. Scott, and that he was well aware of the fact that what judges say has a lot of weight with the public. Furthermore, Scott testified:
 I didn't want to have any more children, but I did not want to have that vasectomy, sir.
And he testified:
 I want my body to stay just like the good Lord gave it to me.
We conclude that the evidence was clear and convincing that Mr. Scott did not voluntarily have himself sterilized by a vasectomy procedure.
 II.
Our search of the record does not reveal, by brief, testimony, or oral argument, that Judge Hayes's previous case before the Court of the Judiciary, where he was given a censure, was ever used to influence the court to find the judge guilty. It was used, and properly so, to influence the court as to the proper sanction to be given in this case.
The United States Court of Appeals for the Fifth Circuit has stated:
 At a sentencing, a Court can consider many matters that might not be admissible at a trial including evidence of crimes for which the defendant has been indicted but not convicted, and evidence of other crimes. Such consideration does not constitute double jeopardy since the defendant is not punished a second time for the same offense, but the repetition of criminal conduct aggravates his guilt and justifies heavier penalties when he is again convicted. Even facts disclosed during the course of a prior trial which ended in an acquittal or was reversed on appeal can be considered by the Court. United States v. Sweig, 454 F.2d 181 (2nd Cir. 1972).
United States v. Bowdach, 561 F.2d 1160, 1175 (5th Cir. 1977) (Emphasis deleted.) This rule is also applicable in judiciary proceedings. In re: Inquiry of Lee, 336 So.2d 1175, 1177 (Fla. 1976); Kuehnel v. State Commission on Judicial Conduct,49 N.Y.2d 465, 469-470, 403 N.E.2d 167, 169, 426 N.Y.S.2d 461, 463
(1980); Matter of Albano, 75 N.J. 509, 515, 384 A.2d 144,146-47 (1978).
The Court of the Judiciary announces its judgment and sanction at the same time; therefore, it was entirely appropriate that previous disciplinary action be offered before the judgment was announced.
 III.
In the case of In the Matter of Samford, 352 So.2d 1126 (Ala. 1978), Justice Faulkner compared the difference in the old system of trying judges with the new system under the 1973 Amendment to the Constitution of the State commonly called the "Judicial Article." Under the old system, the Judicial Commission would "recommend" to the Supreme Court retirement, censure, suspension, or removal, as indicated by the facts in the particular case. The Supreme Court would then review the record of the proceedings on the law and facts and accept the "recommendation" or entirely reject it. However, under the "Judicial Article," the Court of the Judiciary is given
 authority after notice and public hearing (1) to remove from office, suspend without pay, or censure a judge, or apply such other sanction as may be prescribed by law for violation of a canon of judicial ethics, misconduct in office, failure to perform his duties, or (2) to suspend with or without pay, or to retire a judge who is physically or mentally unable to perform his duties.
 (b) A judge aggrieved by a decision of the court of the judiciary may appeal to the supreme court. The supreme court shall review the record of the proceedings on the law and facts.
In the Matter of Samford, 352 So.2d at 1129. This court concluded in the Samford case that if the record shows by clear and *Page 1280 
convincing evidence that the charge had been committed, it did not have the authority to reduce or reject the sanction.
As previously stated, we are of the conclusion that the charges are proven by evidence that is clear and convincing. In fact, most of the facts are admitted by the judge. Under the circumstances, we have no alternative but to affirm the actions of the Court of the Judiciary, both as to the judgment and as to the sanction.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., concur in the result.
TORBERT, C.J., recused.
[1] The specific charges of the complaint were that Hayes, by his comments and actions:
Charge One
 Failed to observe high standards of conduct so that the integrity and impartiality of the judiciary may be preserved (Canon 1);
Charge Two
 Failed to avoid impropriety and the appearance of impropriety in all of his activities (Canon 2);
Charge Three
 Failed to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary (Canon 2 (A));
Charge Four
 Failed to maintain the decorum and temperance befitting his office (Canon 2 (B)); and
Charge Five
 Failed to avoid conduct prejudicial to the administration of justice which brings the judicial office into disrepute (Canon 2 (B)).
Judge Hayes was found guilty of violation of Canons 2 (A) and 2 (B) of the Alabama Canons of Judicial Ethics.