The majority affirms the judgment of the Court of the Judiciary, which removed Wilcox County Probate Judge Jerry Boggan from office. The main opinion asserts that "this Court does not have the authority to reduce or reject the sanction imposed by the Court of the Judiciary." 759 So.2d at 555. In support of that proposition the opinion cites Hayes v. Alabama Court of theJudiciary, 437 So.2d 1276, 1279 (Ala. 1983); Powers v. JudicialInquiry Commission, 434 So.2d 745 (Ala. 1983); and In re Samford,352 So.2d 1126 (Ala. 1978). That proposition is nowhere stated in Powers. It is stated in Hayes, which cites Samford. However, as Judge Boggan suggests, Samford does not support that proposition unless it is read very broadly.
Indeed, it cannot be the law that the punitive measures imposed by the Court of the Judiciary are entirely beyond the review of this Court. If that were true, the Court of the Judiciary would be the only judicial body in the State whose rulings or actions are so insulated.[3] I would therefore *Page 559 
reverse and remand with directions for the Court of the Judiciary to consider the evidence Judge Boggan may offer in mitigation. For these reasons, I dissent.
Johnstone, J., concurs.
[3] Judge Boggan points out that lawyer discipline — an analogous situation — is subject to review by this Court.